1  LAURENCE PARADIS (STATE BAR NO. 122336)
   ALEXIUS MARKWALDER (STATE BAR NO.227004)
2  MARY-LEE E. KIMBER (STATE BAR NO. 239086)
   DISABILITY RIGHTS ADVOCATES
3  2001 Center St., Third Floor
   Berkeley, CA 94704
4  Telephone:      (510) 665-8644
   Facsimile:      (510) 665-8511
5  TTY:            (510) 665-8716
   Email:          general@dralegal.org
6

7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12
   CALIFORNIANS FOR DISABILITY              Case No.
13 RIGHTS, INC. ("CDR"), BEN
   ROCKWELL and DMITRI BELSER, on
14 behalf of themselves, and on behalf of all
   others similarly situated,                CLASS ACTION COMPLAINT FOR
15                                           VIOLATION OF CIVIL RIGHTS:
   Plaintiffs,                               AMERICANS WITH DISABILITIES
16                                           ACT; SECTION 504 OF THE
   v.                                        REHABILITATION ACT; CAL. CIV.
17                                           CODE § 54, *et seq.*; CAL. CIV. CODE § 51,
   CALIFORNIA DEPARTMENT OF                  *et seq.*; CAL. CIV. CODE § 4450, *et seq.*;
18 TRANSPORTATION ("Caltrans") and WILL      CAL. GOV'T. CODE 11135, *et seq.*; and
   KEMPTON, in his official capacity.        DECLARATORY RELIEF
19
   Defendants.
20

21

22

23

24

25

26

27

28

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

**INTRODUCTION**

Plaintiffs complain of Defendants herein and allege that:

1.     This lawsuit is brought against Defendant California Department of Transportation ("Caltrans") to remedy a systemic pattern and practice of discrimination being committed by Caltrans against people with mobility and vision disabilities.  Caltrans provides and maintains many facilities throughout the state of California that are inaccessible to people with disabilities.  These facilities include sidewalks and other pedestrian pathways, as well as park and ride facilities.  These facilities frequently contain access barriers that expose disabled persons to many hazards, including forcing wheelchair users to roll in the streets alongside vehicular traffic.  Caltrans has been required for many decades to identify and remedy such access barriers but has failed and refused to meet this obligation.  This lawsuit seeks to put an end to such discrimination by requiring Caltrans to meet its obligation to protect the health and safety of Californians with disabilities.

2.     Defendant Will Kempton is sued in his official capacity as Director of Caltrans.  Caltrans and Kempton  will be referred to in this complaint together as "Defendants".

3.     Plaintiff Californians for Disability Rights, Inc. ("CDR") is a membership organization representing persons with all disabilities throughout California, including individuals who have been discriminated against and subjected to hazardous conditions due to the access barriers at issue in this case.  Plaintiff Ben Rockwell uses a wheelchair and has been personally discriminated against and subjected to hazardous conditions due to the access barriers at issue in this case.  Plaintiff Dmitri Belser has a vision disability and has been personally discriminated against and subjected to hazardous conditions due to the access barriers at issue in this case.  CDR, Rockwell and Belser will be referred to in this complaint together as "Plaintiffs".

4.     Plaintiffs sue on behalf of themselves and all Californians with mobility and vision disabilities who are being discriminated against and subjected to hazardous conditions due to the access barriers at issue in this case.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

1

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

5.       Defendants provide for public use an extensive network of physical facilities around the state of California, including many public sidewalks, crosswalks, pedestrian crossings, and other walkways (hereafter referred to as "pedestrian rights of way").  Defendants also provide for public use at various locations around California a system of Park and Ride facilities.  This system of pedestrian rights of way and Park and Ride facilities is hereafter referred to collectively as "Caltrans facilities".

6.       These Caltrans facilities constitute a key public program, service and activity within Caltrans jurisdiction.  Caltrans provides this public program, service and activity for the benefit of residents of and visitors to the state of California.  By refusing to provide access to this key public program, service and activity, Defendants discriminate against persons with disabilities in violation of federal and state law.  Throughout the state of California, Defendants have systemically:

- Failed, and are failing, to provide program access to Caltrans facilities in that they have not developed and implemented a comprehensive Self-Evaluation and Transition plan covering pedestrian rights of way;

- Followed, and are following, an unlawful policy of limiting the budget for accessibility upgrades to 20 percent of the total budget for Resurfacing, Restoration and Rehabilitation projects ("RRR") thereby refusing to provide program access to all Caltrans facilities along resurfaced, restored or rehabilitated projects;

- Installed and/or maintained, and are installing and/or maintaining, pedestrian rights of way which have missing curb cuts, unsafe curb cuts, dangerous slopes and crumbled or uneven pavement, and inadequate detectable warnings, amongst other barriers;

- Installed and/or maintained, and are installing and/or maintaining, Park and Ride facilities with inaccessible paths of travel and non-compliant accessible parking spaces, amongst other barriers;

- Failed, and are failing, to provide accessible alternative routes during construction and information in accessible form for persons with vision disabilities when sidewalks are closed; and

- Failed, and are failing, to inform local residents which facilities are under the jurisdiction of Caltrans, thereby, hindering the complaint process.

7.       These systemic failures create significant barriers for persons with disabilities.  As

a result of these barriers, disabled pedestrians experience unsafe, anxiety-ridden travel experiences while using Caltrans facilities.  Defendants' failure to make accessible facilities under its jurisdiction denies persons with disabilities access to Defendants' programs, services and activities and is in violation of both federal and state access requirements.

8.     CDR made efforts to resolve this dispute without litigation.  In a letter dated June 6, 2006, CDR requested that Caltrans remedy or make plans to remedy the violations listed herein.  Caltrans refused and has since failed to take any remedial action.

9.     Defendants' repeated failures to fulfill its obligations under federal and state law is particularly egregious in light of the Ninth Circuit's decision in *Barden v. City of Sacramento*, 292 F.3d 1073 (2002), which held that "Title II's prohibition of discrimination in the provision of public services applies to the maintenance of public sidewalks."

10.     Plaintiffs include individuals with mobility disabilities who require use of a wheelchair, motorized scooter, or any other mobility device to navigate Caltrans facilities.  Such individuals require curb ramps that are properly designed, located, constructed, and maintained so that they can use the pedestrian rights of way to travel to and from their desired destinations without being required to travel in traffic and or traverse hazardous and unsafe curb ramps.  Such individuals also require that pedestrian rights of way be properly maintained so that they are free from abrupt changes in level of over ¼ inch (or ½ inch if the change in level is beveled), which are difficult if not impossible to traverse by a person using a wheelchair, and cross-slopes of more than two percent, which may cause a wheelchair or scooter to tip over sideways.  Pedestrian rights of way must also be sufficiently wide to allow passage of a mobility device.  Barriers such as light poles, trash cans and other obstructions must not narrow the pedestrian right of way such that it is impassable for those with mobility disabilities.  Finally, such individuals require that alternative accessible routes be provided during construction that results in sidewalk closures.

11.     Plaintiffs also include individuals with vision disabilities.  Such individuals require that where paths of travel end and/or cross a street, the area be properly marked with

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

yellow truncated domes, permitting such individuals to safely use pedestrian rights of way and to safely cross streets.  Such individuals also require pedestrian rights of way be properly maintained so as to be free from protruding objects (with overhead clearance of less than 80 inches) and other hazards that interfere with their ability to navigate safely.  Such individuals also require that information about sidewalk closures due to construction, or any other reason, be provided in accessible form.

12.     The named plaintiffs in this action, on behalf of themselves and all others similarly situated, challenge Defendants' systemic failure to make its facilities readily accessible to and useable by individuals who have mobility and/or vision disabilities.  These actions are in violation of Title II of the Americans with Disabilities Act, and section 504 of the Rehabilitation Act of 1973, which requires public entities and entities receiving federal funds to provide equal access to public services for people with disabilities.  These actions are also in violation of California Civil Code § 51, *et seq.*; California Civil Code § 54, *et seq.*; California Government Code § 4450, *et seq.*; and California Government Code § 11135, *et seq.*

### JURISDICTION

13.     This is an action for declaratory and injunctive relief, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 to 12213, specifically Title II of the ADA, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, as well as California Civil Code § 51 *et seq.* ("the Unruh Act"), California Civil Code § 54 *et seq.* ("the Disabled Persons Act"), California Government Code § 4450 *et seq.*, and California Government Code § 11135, *et seq.*

14.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA and Section 504 of the Rehabilitation Act.

15.     This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     Under the doctrine of pendent and supplemental jurisdiction, this Court has jurisdiction over claims alleged herein arising under California state law.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

**VENUE**

17.     Venue is proper in this Court because (i) Plaintiff CDR has members within the Northern District of California, (ii) Defendant Caltrans owns and maintains non-compliant facilities within the Northern District of California, and (iii) the acts and omissions giving rise to this claim have occurred across the state of California, including within the Northern District of California.

**PARTIES**

18.     The organizational Plaintiff CDR, a nonprofit California corporation, is the oldest and largest membership organization of persons with disabilities in California.  Established in 1970 as the California Association of the Physically Handicapped with five members, CDR has grown to become an effective and widely respected cross-disability advocacy organization. Plaintiff CDR's mission is to initiate, sponsor, and implement plans, policies and activities that will enhance the lives of persons with disabilities and enable them to enter more fully into society at all levels.  To this end, CDR seeks to improve the quality of life for all persons with any disability by conducting education and training and by pursuing removal of barriers through advocacy and change in public policy.  Accordingly, the interests that CDR seeks to protect through this litigation are germane to its mission and purpose.  Further, CDR's members include persons with mobility and vision disabilities that have been harmed and continue to experience harm because Defendants have failed and continue to fail to provide  access to Caltrans facilities. Because this complaint seeks only injunctive relief, this lawsuit does not require the individual participation of CDR members.

19.     Named Plaintiff Rockwell is a person with a disability under all applicable statutes.  Plaintiff Rockwell uses a motorized wheelchair for mobility, and regularly travels along the pedestrian rights of way under the jurisdiction of Caltrans.  Plaintiff Rockwell has experienced and continues to experience barriers along these pedestrian rights of way because of

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1   Defendants ongoing violations.

2       20.     Named Plaintiff Belser is a person with a disability under all applicable statutes.

3   Plaintiff Belser has a vision disability, uses a cane, and regularly travels along the pedestrian

4   rights of way under the jurisdiction of Caltrans.  Plaintiff Belser has experienced and continues

5   to experience barriers along these pedestrian rights of way because of Defendants' ongoing

6   violations.

7       21.     Defendant Caltrans is a governmental entity as defined by the laws of the State of

8   California and has fifty (50) or more employees.  Caltrans also is a public entity within the

9   meaning of Title II of the ADA, as that term is defined under 42 U.S.C. § 12131(l); 28 C.F.R. §

10  35.104.  Defendant Caltrans is responsible for installing, repairing and maintaining all pedestrian

11  rights of way along California state highways, including but not limited to the design,

12  installation, repair and maintenance of the system of public sidewalks, crosswalks, pedestrian

13  crossings, other walkways and Park and Ride facilities along the state highway system

14  throughout the state of California.

15      22.     Defendant Will Kempton, or his successor, is named and sued in his official

16  capacity as the Director of Caltrans.  Defendant Kempton is responsible for managing the day-to-

17  day operations of California's state transportation system and for the violations alleged herein.

18      23.     References to "Defendants" shall be deemed to refer to each and all Defendants

19  alleged herein.

                                    **CLASS ALLEGATIONS**

21      24.     Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Named

22  Plaintiffs bring this action, for injunctive and declaratory relief purposes only, on their own

23  behalf and on behalf of all persons similarly situated.  The class the Named Plaintiffs seek to

24  represent is composed of all persons with mobility and/or vision disabilities who use and/or will

25  use Caltrans facilities.  The claims asserted herein are solely for injunctive and declaratory relief

26  for the class; damage claims are not included in this complaint.

27      25.     The persons in the class are so numerous that joinder of all such persons is

28

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

impracticable and the disposition of their claims in a class action is a benefit to the parties and to the Court.

26.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they, or their members, are all being denied, or will be denied, their civil rights of access to Caltrans facilities due to the barriers described herein.

27.     Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendants have failed to provide program access to Caltrans facilities.

28.     The named Plaintiffs are adequate class representatives because they, or their members, are directly impacted by Defendants' failure to provide program access to Caltrans facilities.  The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole.  The attorneys representing the class are experienced in representing clients in class action civil rights claims.

29.     Claims of the named Plaintiffs are typical of the claims of the class as a whole because the Named Plaintiffs, or their members, are similarly affected by Defendants' failure to provide  access to Caltrans facilities.

30.     Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

31.     References to Plaintiffs shall be deemed to include each named plaintiff and each member of the class, unless otherwise indicated.

## FACTS COMMON TO ALL ALLEGATIONS

32.     Caltrans is responsible for the design, construction, maintenance and operation of the California State Highway System and all pedestrian rights of way and Park and Ride facilities along those systems.  In total, Caltrans manages more than 45,000 miles of California's highway and freeway lanes.

33.    Defendants have failed, and are failing, to prepare and implement a Self-Evaluation and Transition Plan relating to its facilities that provides access to pedestrian rights of way and Park and Ride facilities.  Federal law requires that public entities create self-evaluation and transition plans for all existing facilities, including pedestrian rights of way that are not accessible.  A transition plan must include a schedule for providing curb ramps or other sloped areas where pedestrian rights of way cross curbs.  Defendants' failure to prepare and implement a Self-Evaluation and Transition Plan relating to and ensuring program access to Caltrans facilities denies persons with mobility and/or vision disabilities program access to such facilities.

34.    Defendants have followed, and are following, an unlawful policy of limiting the budget for accessibility upgrades to 20 percent of the total budget for alteration projects, known as Resurfacing, Restoration and Rehabilitation projects ("RRR").  As such, Defendants routinely fail to install and/or improve accessible features for pedestrian rights of way in conjunction with RRR projects where such work will cost more than 20 percent of the total cost of the RRR project.  The implementing regulations for Title III of the ADA (technically inapplicable to Defendants) permit limits to the percentage of an alteration project's total budget used to make the paths of travel to the altered area accessible.  However, courts have held that Title II of the ADA, which requires newly constructed or altered streets to have curb ramps, supercedes any exception based on disproportionate costs.  Because curb ramps are a part of the alteration and not a path of travel to the alteration, the Title III exception does not apply.  Defendants' failure to install and/or improve accessible features for pedestrian rights of way in conjunction with RRR projects where such installation and/or improvement costs in excess of 20 percent of the total RRR budget denies persons with mobility and/or vision disabilities program access to pedestrian rights of way under Caltrans' jurisdiction.

35.    Defendants have failed, and are failing, to install and maintain sidewalks, crosswalks, pedestrian crossings and other walkways in violation of federal and state law.  For example, many intersections have no curb ramps or have curb ramps that are improperly designed and/or constructed.  Diagonal ramps intended to serve both corners are routinely

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

misplaced and are therefore unusable or dangerous; slopes on existing ramps are too steep and threaten to tip a wheelchair or scooter using the ramp; landings are non-existent and force individuals with mobility disabilities to use the much steeper side flares to access the curb cut; and gutter pans have lips where the sidewalk meets the street and are often too steep to be used. Similarly, many sidewalks are riddled with problems: many have buckled due to tree roots, resulting in abrupt changes in level, or are narrowed by obstacles such as light poles and trash cans. Further, compliant detectable warnings – yellow truncated domes – are frequently absent on curb ramps. Also, protruding objects, such as low hanging tree limbs, reduce overhead clearance and interfere with the ability to navigate safely. Caltrans facilities that do not contain curb cuts, have inadequate and/or unsafe curb cuts, lack detectable warnings, or have inaccessible pedestrian rights of way include (but are not limited to) facilities that have been resurfaced or otherwise altered since January 26, 1992. Defendants' failure to install and maintain its pedestrian rights of way in an accessible condition denies persons with mobility and/or vision disabilities access to Caltrans facilities.

36.     Defendants have failed to install and/or maintain, and are failing to install and/or maintain, Park and Ride facilities with accessible paths of travel that are free from protruding objects and compliant accessible parking spaces in violation of federal and state law. As a result, persons with mobility and/or vision disabilities are unable to safely use these facilities to access public transportation on which they are often dependent. Defendants' failure to install and/or maintain Park and Ride facilities in an accessible condition denies persons with mobility and/or vision disabilities access to Caltrans facilities.

37.     Defendants have failed, and are failing, to provide accessible alternative routes during construction and information in accessible form for persons with visual disabilities when sidewalks are closed. As a result, persons with mobility disabilities are often forced to travel in the street with traffic while persons with visual disabilities face danger of unknowingly walking into a construction site. Defendants' failure to maintain in an accessible condition alternative routes to sidewalks that are closed during construction and provide information in accessible

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1    form about sidewalk closures denies persons with mobility and/or vision disabilities access to

2    Caltrans facilities.

3        38.      Defendants have failed, and are failing, to inform local residents which sidewalks,

4    crosswalks, pedestrian crossings, other walkways and Park and Rides are under the jurisdiction

5    of Caltrans.  As a result, persons with mobility and/or vision disabilities frequently are not able

6    to readily determine the pedestrian rights of way for which Caltrans is the responsible entity,

7    thereby hindering pedestrian complaints to Caltrans regarding accessibility compliance.

8    Defendants' failure to provide jurisdictional information to persons with mobility and/or vision

9    disabilities contributes to the denial of access to Caltrans facilities.

10                        **EXPERIENCES OF NAMED PLAINTIFFS**

11        39.      Plaintiff CDR has members who reside throughout the State of California and

12   who have, and will continue to, use Caltrans facilities and who have encountered and will

13   continue to encounter the various types of access barriers described herein.  These barriers cause

14   frustration and anxiety and require CDR members to expend substantially more effort than

15   would be required if Caltrans facilities were accessible.

16        40.      For example, a CDR member with a mobility disability regularly uses the

17   Manzenita Park and Ride facility in Marin County, California.  This CDR member reports that

18   the cross-slopes in the accessible parking spaces at this facility exceed the two percent legally

19   allowed, thereby making it difficult for him to exit his vehicle.  In addition, because the Park and

20   Ride does not have a designated accessible pedestrian right of way from the parking lot to the

21   bus stop, he is forced to travel in the flow of the parking lot traffic when traveling from his

22   parking space to the bus stop.  Finally, the CDR member notes that the pedestrian signal button

23   is inaccessible to persons in wheelchairs because it is placed too high and can only be accessed

24   from a steeply sloped sidewalk.

25        41.      Also for example, a CDR member with a mobility disability must regularly travel

26   along Palm Avenue (California State Highway 75) in Imperial Beach, California to visit friends.

27   The sidewalk has multiple barriers including overgrown shrubbery, which narrows the sidewalk,

28

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1   and steep cross-slopes (up to 28 percent) from driveways, which cause her scooter to tip over

2   sideways.  In an effort to alert the government entity responsible for remedying the excessive

3   cross-slopes and narrow sidewalks in the 1300 block, she has contacted various entities at all

4   levels of government, including Caltrans, the City of Imperial Beach and the County of San

5   Diego.  However, for over a year and a half, each of these three entities shuffled her complaint to

6   another of the three entities claiming that the pedestrian right of way is not under its jurisdiction.

7   Ultimately, Caltrans claimed jurisdiction and made a temporary fix using asphalt to minimize the

8   cross-slopes.  The temporary fix, however, is non-compliant.

9        42.    Plaintiff Rockwell has a mobility disability, which requires him to use a

10  wheelchair.  He is resident of the City of Long Beach, California, where he is frequently denied

11  program access to Caltrans facilities as he conducts his daily activities, including going to

12  medical appointments, shopping, and visiting patients at community hospitals.  Plaintiff

13  Rockwell has experienced and, absent an injunction, will continue to experience Caltrans

14  facilities, which are inaccessible to people with mobility disabilities due to the access barriers

15  described herein.

16       43.    Plaintiff Rockwell has experienced and will continue to experience Caltrans

17  facilities which contain no curb ramps; curb ramps that are not accessible to a person with a

18  mobility disability due to improper design, installation, construction, and/or maintenance; and,

19  pedestrian rights of way that are not accessible to a person with a mobility disability due to

20  improper design, installation, construction and/or maintenance.

21       44.    Plaintiff Rockwell regularly travels on Pacific Coast Highway ("PCH")

22  (California State Highway 1) in Long Beach, California, which contains pedestrian rights of way

23  under Caltrans' jurisdiction.  PCH has numerous intersections that do not have curb cuts or have

24  inadequate curb cuts.  The lack of curb cuts along PCH subjects Plaintiff Rockwell to frustrating

25  and dangerous travel experiences.  In addition, these access barriers require Plaintiff Rockwell to

26  expend substantially more time navigating PCH than would be required if PCH were accessible.

27  For instance, Plaintiff Rockwell must often re-trace his route back to the previous curb cut and

28

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1  then travel in the street of a six-lane expressway with on-street parking along some parts of the

2  street in order to reach his destination.  Such routes, which force him into traffic traveling at high

3  speeds, put Plaintiff Rockwell at serious risk of danger.

4       45.    For example, in August of 2006, Plaintiff Rockwell was traveling along PCH to

5  eat at The International House of Pancakes restaurant, a route he frequently travels.  After

6  entering the sidewalk at the intersection of PCH and Long Beach Boulevard, Plaintiff Rockwell

7  proceeded west on the south side of the street.  Traveling west, Plaintiff Rockwell was forced to

8  enter the street on at least three separate occasions due to mid-block obstacles and excessively

9  steep slopes on curb ramps.  Plaintiff Rockwell traveled on the street as close as possible to the

10  cars parked along the curb.  Nonetheless, at least, two large trucks drove within four inches of his

11  wheelchair.  Additionally, a local bus driver opened the door of his bus as he passed and yelled at

12  Plaintiff Rockwell because he was traveling in the street.

13       46.    On those occasions that Plaintiff Rockwell is able to access the sidewalk using

14  curb ramps, he often experiences difficulty using the curb ramps because they are excessively

15  sloped.  As a result, he is forced to slow his motorized wheelchair to avoid tipping over

16  backwards.

17       47.    Plaintiff Rockwell also confronts obstructions such as light poles, sign posts and

18  broken and/or uneven pavement on PCH.  All of these obstructions not only impede his path of

19  travel but also force him to travel in the street.  For example, at the corner of PCH and Pacific

20  Avenue, Plaintiff Rockwell has experienced great difficulty traveling along the pedestrian right

21  of way, because the light pole creates an obstruction.  As a result, he is forced to re-trace his path

22  and enter the street in order to continue on PCH.  This is not uncommon as light poles also

23  obstruct the path of travel at the corners of PCH and Obispo Avenue and PCH and Orizaba

24  Avenue.

25       48.    While traveling on PCH, Plaintiff Rockwell has tipped over in his wheelchair on

26  numerous occasions.  Indeed, in an attempt to remediate this problem, Plaintiff Rockwell

27  purchased a new wheelchair that has rear anti-tip wheels.  While these wheels have mitigated the

28

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1  tendency of his wheelchair to tip over backwards, they offer no assistance on excessive slopes or

2  for mid-block barriers, which still force Plaintiff Rockwell to travel in the street.  As a

3  consequence, he continues to be harmed by Defendants' conduct.

4       49.    Plaintiff Belser has a vision disability and uses a cane to aid in navigation.  He is a

5  resident of the City of Berkeley, California, where he is frequently denied access to Caltrans

6  facilities as he conducts his daily activities, including going to work.  Plaintiff Belser has

7  experienced and, absent an injunction, will continue to experience Caltrans facilities, which are

8  inaccessible to people with vision disabilities due to the access barriers described herein.

9       50.    For example, Plaintiff Belser regularly travels on San Pablo Avenue (California

10  State Highway 123) and Ashby Avenue (California State Highway 13) in Berkeley, California,

11  which contain pedestrian rights of way under Caltrans' jurisdiction.  Ashby Avenues lacks

12  detectable warnings on almost all of the existing curb ramps.  Detectable warnings indicate to

13  persons with vision disabilities where the sidewalk ends and the street begins.  Applicable law

14  requires that detectable warnings be in the form of yellow, truncated domes.  The absence of

15  detectable warnings along streets such as Ashby Avenue makes it makes it difficult for a person

16  with a vision disability to navigate the pedestrian route with full assurance and safety.  Without

17  proper detectible warnings, pedestrians with vision disabilities are exposed to the risk that they

18  may enter oncoming traffic without being aware that they are in a danger zone.  For instance, at

19  particularly busy intersections where vehicles often cut corners, detectable warnings help

20  Plaintiff Belser know where it is safe to stand.  Plaintiff Belser has also experienced, on both San

21  Pablo and Ashby Avenues, protruding objects which reduce the overhead clearance and which

22  are imperceptible ahead of time to persons with vision disabilities.  Uneven/broken pavement

23  along San Pablo and Ashby Avenues create additional obstacles, which are often imperceptible

24  ahead of time to persons with vision disabilities.  These barriers and safety hazards along San

25  Pablo and Ashby Avenues subject Plaintiff Belser to frustrating and dangerous travel

26  experiences, particularly since they are high traffic speed routes.

27       51.    The conditions along Ashby Avenue are so difficult and dangerous that Plaintiff

28

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1  Belser avoids using this route when possible.  However, Plaintiff Belser does have to use Ashby

2  Avenue on his way to and from the South Berkeley Senior Center, which requires him to walk

3  between Ellis Street and Telegraph Street along Ashby Avenue.  Plaintiff Belser has experienced

4  no detectable warnings along this route.  Indeed, along Ashby Avenue from Adeline Boulevard

5  to Tunnel Road (approximately 19 blocks in length), there is only one curb ramp with the

6  required yellow truncated domes.

7      52.    Pedestrians with vision disabilities experience further difficulties when using

8  Caltrans facilities due to a lack of adequate information when construction activities block part

9  or all of a pedestrian route.  When such construction takes place, Caltrans needs to ensure that

10  pedestrians with vision disabilities are notified of the construction and provided adequate

11  information in accessible forms so that they can use alternate routes.  Caltrans frequently fails to

12  do so.  For example, Plaintiff Belser has experienced many occasions when the sidewalk along

13  Caltrans routes such as San Pablo Avenue has been blocked due to construction but Mr. Belser

14  did not become aware of the construction until encountering the closure partway down the block.

15  Consequently, Mr. Belser then had to re-trace his steps and cross to the other side of the street,

16  making it even more difficult for a person with vision disability to navigate along these routes.

17  The lack of information in accessible forms about sidewalk closures due to construction has

18  caused Plaintiff Belser to expend substantially more time navigating these pedestrian rights of

19  way than would be required if Caltrans had provided such information.

### FIRST CAUSE OF ACTION
#### (Violation of the Americans with Disabilities Act of 1990)

22      53.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 52,

23  above, inclusive.

24      54.    Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity

25  from excluding a person with a disability from participating in, or denying the benefits of, the

26  goods, services, programs and activities of the entity or otherwise discriminating against a person

27  on the basis of disability.  42 U.S.C. § 12132.

28

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

55.     In requiring public entities to prepare and implement a Self-Evaluation and Transition Plan to evaluate and improve accessibility, the regulations issued by the U.S. Department of Justice specifically require public entities to include "a schedule for providing curb ramps or other sloped areas where pedestrians walks cross curbs" and provides priorities for such schedule. 28 C.F.R. § 35.150(d)(2).  Plaintiffs are informed and believe that Defendants do not have a Self-Evaluation or Transition Plan that addresses pedestrian rights of way. Defendants' failure to prepare and implement a Self-Evaluation and Transition Plan constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

56.     The regulations implementing Title II of the ADA also generally require that, when a public entity alters any existing facility in any manner that affects usability, the altered portions must be made accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.151(b).

57.     The regulations implementing Title II of the ADA specifically provide that a public entity must install curb ramps at intersections whenever it alters sidewalks, streets, roads and/or highways at any time after January 26, 1992. 28 C.F.R. § 35.151(e).  An RRR project undertaken by Caltrans constitutes an alteration within the meaning of the ADA.  Since the effective date of the ADA, Defendants have failed to provide proper curb ramps when Caltrans alters sidewalks, streets, roads and/or highways.  Defendants' conduct in failing to provide proper curb ramps when they alter sidewalks, streets, roads and/or highways constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

58.     The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA. 28 C.F.R. § 35.133.  Facilities required to be accessible include roads, walks, passageways and parking lots. 28 C.F.R. § 35.104.

59.     Defendants' conduct in failing to maintain accessible facilities by failing to fix uneven and/or crumbling pavement, failing to remove protruding and/or moveable obstructions, failing to ensure a sufficiently wide path of travel, failing to correct excessive cross-slopes on the

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

path of travel and failing to provide compliant accessible parking spaces thus constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

60.     The regulations implementing Title III of the ADA – 28 C.F.R. 36 App. A – and applying to Title II – 28 C.F.R. 35.151(c) – provide that a public entity must maintain accessibility for temporary facilities, including but not limited to, "temporary safe pedestrian passageways around a construction site." 28 C.F.R. 36 App. A 4.1.1(4).

61.     Defendants' conduct in failing to provide accessible alternative routes during construction and accessible information for persons with visual disabilities when sidewalks are closed constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

62.     The regulations implementing Title II of the ADA also provide that a "public entity shall make available to applicants, participants, beneficiaries, and other interested persons information regarding the provisions of this [regulation] and its applicability to the services, programs, or activities of the public entity." 28 C.F.R. § 35.106.

63.     Defendants' conduct in failing to provide information about which facilities are under their jurisdiction thus constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

64.     Defendants' conduct constitutes an ongoing and continuous violation of the ADA and unless restrained from doing so, Defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently, Plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA 42 U.S.C. § 12188.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Violation of § 504 of the Rehabilitation Act of 1973)

65.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 64 above, inclusive.

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

66. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated hereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified handicapped individual . . . shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

67. Defendants have received substantial federal financial assistance at all relevant times.

68. Defendants have discriminated against Plaintiffs in programs and activities receiving federal financial assistance solely because of the disabilities of Plaintiff Rockwell, Plaintiff Belser and Plaintiff CDR's members, and all others similarly situated, in violation of 29 U.S.C. § 794 and the regulations promulgated hereunder.

69. As a proximate result of Defendants' violations of Section 504, Plaintiffs have been injured as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Violation of California Civil Code § 54, *et seq.*)

70. Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 69, above, inclusive.

71. The facilities under the jurisdiction of Caltrans constitute places of public accommodation and/or places to which the general public is invited within the meaning of California Civil Code §§ 54.1 and 54.3.

72. Defendants have and are violating Plaintiffs' rights under California Civil Code § 54.1 *et seq.* by denying Plaintiffs full and equal access to and use and enjoyment of Caltrans facilities due to the acts and omissions alleged herein.

73. Defendants' discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title II of the ADA and

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

accompanying regulations, all of which have been expressly incorporated into California Civil Code section 54.1, *et seq.* since January 1, 1993.

74.     Defendants' actions constitute a violation of Plaintiffs' rights under California Civil Code § 54, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief remedying the violations.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Violation of California Civil Code § 51, *et seq.*)

75.     Plaintiffs incorporate by reference herein the allegations in paragraph 1 through 74, above, inclusive.

76.     The conduct of Defendants alleged herein constitutes a violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, as set forth above, all of which have been expressly incorporated into California Civil Code § 51.  Pursuant to California Civil Code § 51, a violation of the civil rights of a person with a disability under the ADA is also a violation of the civil rights of a person with a disability under the Unruh Civil Rights Act,

77.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief remedying the violations.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CAUSE OF ACTION
### (Violation of California Government Code § 4450, *et seq.*)

78.     Plaintiffs incorporate by reference herein the allegations in paragraphs 1 though 77 above, inclusive.

79.     Caltrans facilities are publicly funded and intended for use by the public within the meaning of California Government Code § 4450, *et seq.*  Defendants have constructed, altered, installed, maintained and/or operated its facilities in violation of disability access

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1  requirements under California Government Code § 4450, *et seq.*, and regulations implemented

2  pursuant thereto.  The aforementioned acts and omissions of the Defendants constitute a denial

3  of equal access to and use of Caltrans facilities.

4     80.    Defendants' failure to provide full and equal access to Caltrans facilities has

5  caused Plaintiffs to suffer deprivation of their civil rights.  Plaintiffs request injunctive relief

6  enjoining Defendants from maintaining the violations described above.

7     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

8

9  ### SIXTH CAUSE OF ACTION
   ### (California Government Code § 11135, *et seq.*)

10    81.    Plaintiffs incorporate by reference herein the allegations of paragraphs 1 through

11  80, above, inclusive.

12    82.    California Government Code § 11135 and the regulations promulgated

13  thereunder, prohibit discrimination against people with disabilities by any program or activity

14  funded by the state.  Section 11135 provides, in pertinent part, that:

15     No person in the State of California shall, on the basis of . . . disability, be
       unlawfully denied the benefits of, or be unlawfully subjected to discrimination
16     under, any program or activity that is funded directly by the state or receives any
       financial assistance from the State.
17

18    83.    Caltrans' programs and activities are funded primarily by the state.

19    84.    Defendants have discriminated against Plaintiffs in such programs and activities

20  solely because of their disabilities in violation of Government Code § 11135 and the regulations

21  promulgated thereunder.

22    85.    As a proximate result of Defendants' violations of § 11135, Plaintiffs have been

23  injured as set forth herein.

24     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

25  ### SEVENTH CAUSE OF ACTION
26  ### (Declaratory Relief)

27    86.    Plaintiffs incorporate by reference herein the allegations of paragraphs 1 through

28

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

1  85, above, inclusive.

2      87.      Plaintiffs contend, and are informed and believe that Defendants deny failing to

3  comply with applicable laws prohibiting discrimination against persons with disabilities in

4  violation of the ADA, Section 504 of the Rehabilitation Act, § 51 of the California Civil Code, §

5  54 of the California Civil Code, § 4450 of the California Government Code and § 11135 of the

6  California Government Code.

7      88.      A judicial declaration is necessary and appropriate at this time in order that each

8  of the parties may know their respective rights and duties and act accordingly.

9      WHEREFORE, Plaintiffs pray for relief as set forth below.

10

11              **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiffs pray for relief as follows:

13      89.      An order and judgment enjoining Defendants from violating the Americans with

14  Disabilities Act; Section 504 of the Rehabilitation Act of 1973; § 51 of the California Civil

15  Code; § 54 of the California Civil Code; § 4450 of the California Government Code; and §11135

16  of the California Government Code.

17      90.      A declaration that the facilities listed herein under the jurisdiction of Caltrans,

18  including the sidewalks, crosswalks, pedestrian crossings, other walkways and Park and Rides,

19  are constructed, designed, and/or maintained in a manner which discriminates against Plaintiffs

20  and which fails to provide program access for persons with disabilities as required by law;

21      91.      Plaintiffs' reasonable attorneys' fees, litigation expenses, and costs;

22      92.      Such other and further relief as the Court deems just and proper.

23

24  DATED:          August 23, 2006

                                          DISABILITY RIGHTS ADVOCATES

25

26                                        By: _____

27                                              MARY-LEE E. KIMBER
                                                Attorneys for Plaintiffs

28  \\Server\cases\CDR.CalTrans\Pleadings\Caltrans_Complaint_Final.doc

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
**CLASS ACTION COMPLAINT**

20

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

1  LAURENCE PARADIS (STATE BAR NO. 122336)
   ALEXIUS MARKWALDER (STATE BAR NO.227004)
2  MARY-LEE E. KIMBER (STATE BAR NO. 239086)
   DISABILITY RIGHTS ADVOCATES
3  2001 Center St., Third Floor
   Berkeley, CA 94704
4  Telephone:     (510) 665-8644
   Facsimile:      (510) 665-8511
5  TTY:            (510) 665-8716
   Email:         general@dralegal.org
6
7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11

12 CALIFORNIANS FOR DISABILITY            Case No.
   RIGHTS, INC. ("CDR"), BEN
13 ROCKWELL and DMITRI BELSER, on
   behalf of themselves, and on behalf of all   CLASS ACTION COMPLAINT FOR
14 others similarly situated,                    VIOLATION OF CIVIL RIGHTS:
                                                 AMERICANS WITH DISABILITIES
15 Plaintiffs,                                   ACT; SECTION 504 OF THE
                                                 REHABILITATION ACT; CAL. CIV.
16 v.                                            CODE § 54, *et seq.*; CAL. CIV. CODE § 51,
                                                 *et seq.*; CAL. CIV. CODE § 4450, *et seq.*;
17 CALIFORNIA DEPARTMENT OF                      CAL. GOV'T. CODE 11135, *et seq.*; and
   TRANSPORTATION ("Caltrans") and WILL         DECLARATORY RELIEF
18 KEMPTON, in his official capacity.

19 Defendants.

20

21

22

23

24

25

26

27

28

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.
CLASS ACTION COMPLAINT                                    i

DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
(510) 451-8644

## CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

I, the undersigned, hereby declare:

I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Disability Rights Advocates and my business address is 2001 Center St., Third Floor, Berkeley, California 94704-1204. On August 23, 2006, I served a true copy of the following documents:

### CLASS ACTION COMPLATION FOR VIOLATION OF CIVIL RIGHTS

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as follows for collection and mailing at Disability Rights Advocates, 2001 Center Street, Third Floor, Berkeley, California 94704-1204:

Department of Transportation
Office of the Director
1120 N. Street
P.O. Box 942873
Sacramento, CA 94723

I declare under penalty of perjury that the above is true and correct.

Executed at Berkeley, California, this 23rd day of August, 2006.

Mary-Lee Kimber

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.: C-06-01802-BZ**
**Certificate Of Service By Mail**

1