LAURENCE PARADIS (STATE BAR NO. 122336)
ROGER HELLER (STATE BAR NO. 215348)
MARY-LEE E. KIMBER (STATE BAR NO. 239086)
DISABILITY RIGHTS ADVOCATES
2001 Center St., Third Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
Email: general@dralegal.org

DANIEL B. KOHRMAN (DC BAR NO. 394064)
JULIE NEPVEU (DC BAR NO. 458305)
AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, DC 20049
Telephone: (202) 434-2060
Facsimile: (202) 434-6424
Cell: (202) 316-1991
Email: dkohrman@aarp.org
jnepveu@aarp.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL and DMITRI BELSER, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("Caltrans") and WILL KEMPTON, in his official capacity.<br>Defendants. | Case No. C-06-5125 SBA<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**Date:**<br>**Time:**<br>**Dept.:** Hon. Saundra Brown Armstrong<br><br>**Date filed:** August 23, 2006<br>**Trial date:** TBD |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................1

II. ARGUMENT.............................................................................................................2

    A.    The Court Should Summarily Deny Defendants' Objections Because, Like Their Previous Objections, They Are Unduly Vague and Are Procedurally and Substantively Deficient..........................................................................................2

    B.    Defendants' Objections are Not Well Taken in Any Event, and Should Be Denied. ........................................................................................................................3

        1.    A Permissive Standard Applies to the Admissibility of Testimony at the Class Certification Stage. ..................................................................................3

        2.    The Challenged Testimony in Plaintiffs' Reply Declarations Is Admissible, and Defendants' Objections Lack Merit. ...............................4

            a.    Defendants Objections Based on Rule 701 (Improper Lay Opinion) are Without Merit. ..................................................................................5

            b.    Defendants' Objections Based on Rule 702 (Improper Expert Opinion) are Without Merit. ................................................................7

            c.    Defendants' Objections Based on Rule 602 (Lack of Basis in Personal Knowledge) are Without Merit..........................................9

            d.    Defendants' Objections Based on Hearsay Lack Merit.................10

            e.    Defendants Other Objections are Without Merit..........................11

        3.    The Testimony in the Margen and Kimber Reply Declarations Is Admissible, and Defendants' Objections Should Be Denied. ....................12

III. CONCLUSION .......................................................................................................13

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

i

# TABLE OF AUTHORITIES

**Cases**

*Aguayo v. Oldenkamp Trucking*,
No. CV F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005) ..................3, 4

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
No. 06-0715 SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ..................3, 4

*Dukes v. Wal-Mart, Inc.*,
222 F.R.D. 189 (N.D. Cal. 2004), *aff'd*, 474 F.3d 1214 (9th Cir. 2007)..................1, 3, 11

*Keri v. Board of Trustees of Purdue Univ.*,
458 F.3d 620 (7th Cir. 2006) ..................6

*O'Connor v. Boeing North American, Inc.*,
184 F.R.D. 311 (C.D. Cal. 1998)..................4

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*,
209 F.R.D. 159 (C.D. Cal. 2002)..................4

*United States v. Allen*,
787 F.2d 933 (4th Cir. 1986), *vacated on other grounds by* 479 U.S. 1077 (1987)..................6

*United States v. Beck*,
418 F.3d 1008 (9th Cir. 2005) ..................6

*United States v. Jackson*,
688 F.2d 1121 (7th Cir. 1982) ..................6

*United States v. Johnson*,
637 F.2d 1224 (9th Cir. 1980) ..................7

*United States v. Joy*,
192 F.3d 761 (7th Cir.1999)..................9

*United States v. Sinclair*,
109 F.3d 1527 (10th Cir.1997) ..................10

**Rules**

Fed. R. Evid. 702 ..................2, 8, 9

Fed. R. Evid 401 ..................11

Fed. R. Evid. 402 ..................11

Fed. R. Evid. 403 ..................2, 11, 12

Fed. R. Evid. 602 ..................9, 10

Fed. R. Evid. 701 ..................2, 5, 6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

ii

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**Other Authorities**

29 Wright & Gold, Federal Practice and Procedure (1997 ed.) .................................6, 7, 8

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

iii

## I. INTRODUCTION

In support of their reply brief for their pending motion for class certification, Plaintiffs submitted declarations from numerous members of the proposed class, Plaintiffs' expert Peter Margen, and Plaintiffs' counsel. Defendants have now filed vague, blanket "objections" to portions of those declarations, and have also requested that the Court strike that same testimony. These objections are similar in all relevant respects to the objections Defendants filed to the declarations Plaintiffs filed in support of their initial moving papers. In their latest round of objections, Defendants have raised 110 additional objections to Plaintiffs' declarations, bringing their total number of such objections to 231. As before, Defendants' objections are remarkably overbroad and vague, and include absolutely no explanation or discussion of why the testimony in question is problematic, let alone why the Court should take the extreme step of striking such testimony from the record.

As explained previously, the Court need not analyze each and every one of these objections, but rather can summarily deny all of Defendants' objections because they are altogether procedurally and substantively deficient. That is precisely what the trial court did in *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189 (N.D. Cal. 2004), *aff'd*, 474 F.3d 1214 (9th Cir. 2007), when faced with hundreds of similarly vague evidentiary objections in that case. *See id.* at 198-99.

Moreover, even if the Court were to review each of Defendants' objections individually, it would find, without exception, that the objections are unfounded. The testimony at issue in Defendants' objections—the vast majority of which is testimony from class members about access barriers that they have personally experienced—is by and large the type of testimony that parties routinely offer, and Courts routinely rely on, in deciding whether or not to grant class certification. The admissibility of this testimony at this stage of the case is particularly clear,

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

given that the standard for admissibility of evidence at the class certification stage is a permissive one.

Given the nature and number of Defendants' objections, Plaintiffs do not address separately each of the new 110 objections, but rather have attempted herein to address Defendants' objections categorically, using examples to demonstrate why the objections are without merit.

## II. ARGUMENT

### A. The Court Should Summarily Deny Defendants' Objections Because, Like Their Previous Objections, They Are Unduly Vague and Are Procedurally and Substantively Deficient.

Similar to their objections to Plaintiffs' earlier declarations, Defendants' evidentiary objections to Plaintiffs' reply declarations consist of ten individually filed sets of objections. Each of these sets of objections follows the same formulaic approach. Defendants quote a portion of the relevant declaration and then, under a heading titled "Grounds for Objections," Defendants state, without any explanation or other detail, a variety of evidentiary objections, noting what presumably is the relevant Federal Rule(s) of Evidence in parentheses. Defendants do not discuss any of the objections individually, or otherwise provide any discussion or analysis about why the testimony in question suffers from the evidentiary flaw(s) asserted. For example, in objecting to an entire lengthy paragraph of Toni Rediske's declaration, Defendants' only explanation of their objection is as follows:

> Grounds for Objection: Exclusion of Evidence for Prejudice, Confusion, or Waste of Time (FRE 403); Improper Lay Opinion (FRE 701); Improper Expert Opinion (FRE 702).

Defendants' Objections to Rediske Decl., at No. 2. Completely absent is any argument in support of any of these blanket objections, any discussion about why the testimony in question is covered by any of the asserted rules, or even, in the case of their objection based on Rule 403, any indication as to which subsection of that rule (i.e. prejudice, confusion or waste of time)

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Defendants are asserting as the basis for their objection. These summary "grounds for objection" are simply conclusory phrases from the cited Federal Rules, not actual substantive objections to which Plaintiffs might effectively respond. As with Defendants' earlier set of objections, Plaintiffs and the Court are effectively left to guess the rationale behind these objections.

As with the Defendants' first set of 121 objections, these additional 110 objections are just like the objections summarily denied by the district court in *Dukes II* as "procedurally defective" and "more suggestive of an intent to harass than a good faith effort to address genuine objections." 222 F.R.D. at 198-99. Like the court in *Dukes II*, this Court is asked to address hundreds of individual evidentiary objections, each with multiple grounds, and none of which contain "any individualized discussion." 222 F.R.D. at 199. Like the *Dukes* court, this Court should summarily deny the objections at issue here "on the ground that they are unduly vague." *Id.*[1]

**B.     Defendants' Objections are Not Well Taken in Any Event, and Should Be Denied.**

**1.     A Permissive Standard Applies to the Admissibility of Testimony at the Class Certification Stage.**

The standard that evidence must meet to be admissible in connection with a pre-trial motion like Plaintiffs' motion for class certification is "quite minimal, thus evidence which 'may not be sufficient to carry the burden of proof at trial, ... [may be] sufficient to carry the burden on this motion.'" *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2007 WL 707475, at *7, n.5 (N.D. Cal. Mar. 6, 2007)(citing *Aguayo v. Oldenkamp Trucking*, No. CV F 04-6279 ASI LJO, 2005 WL 2436477, at *4 (E.D. Cal. Oct. 3, 2005)).

---

[1] In their reply to Plaintiffs' responses to Defendants' earlier round of objections, wherein Plaintiffs similarly urged the Court to summarily deny those objections as unduly vague, Defendants tried to distinguish their objections from the defective objections at issue in *Dukes II* (i.e. the objections are not color-coded, are less numerous, etc). However, there is no question that the underlying deficiency is the same: it is impossible to determine from the objections presented how or why Defendants believe each quoted portion of testimony violates any of the rules cited. Neither Plaintiffs nor the Court can determine the reasons behind the objections, and neither should be forced to guess. *See Dukes II*, 222 F.R.D. at 198 (noting that it is not the Court's role to divine Defendants' arguments).

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

In *Beauperthuey*, plaintiffs moved to certify a Fair Labor Standards Act (FLSA) collective action, filing multiple declarations in support of their motion. Defendants raised over 300 objections to these declarations, alleging objections such as hearsay and lack of foundation. Given the permissive standard for admissibility of testimony at the class certification stage, the trial court found that "whatever shortcomings Plaintiffs' declarations have in the way of hearsay and foundation, if any, are not relevant to the Court's determination at this stage." *Beauperthuy*, 2007 WL 707475, at *7, fn.5; *see also Aguayo*, 2005 WL 2436477, at *4 (denying evidentiary objections based on the permissive standard at the class certification stage, noting that "[t]he declaration may not be sufficient to carry the burden of proof at trial, but it is sufficient to carry the burden on this motion"); *see also Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 162-63 (C.D. Cal. 2002) (applying lower standard for expert testimony at class certification stage); *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, 321 n. 7 (C.D. Cal. 1998) (same).[2]

### 2. The Challenged Testimony in Plaintiffs' Reply Declarations Is Admissible, and Defendants' Objections Lack Merit.

Particularly in light of the permissive standard for admissibility of testimony offered in support of class certification, Defendants' objections are not well taken. In fact, like the testimony previously submitted by Plaintiffs, the testimony at issue here—the vast majority of which is class member testimony about personal experiences with access barriers on Defendants' sidewalks—is the kind of testimony that courts regularly consider at the class action certification stage. All but a few of Defendants' objections fall into a handful of objection categories. As described below, these objections and the other objections raised by Defendants are without merit.

---

[2] In their reply to Plaintiffs' responses to Defendants' earlier round of objections, Defendants argued that in asserting this standard, Plaintiffs are "call[ing] for the opening of the floodgates." Defendants' Reply in Support of Evidentiary Objections at 4:1. That is simply not true. Plaintiffs are merely setting forth the well-established standard for determining admissibility at the class certification stage. Moreover, the type of evidence at issue in Defendants' objections—the vast majority of which is testimony from class members regarding their individual experiences—is the type of testimony that is regularly submitted in support of class certification motions and regularly considered by courts in deciding class certification.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

4

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

### a. Defendants Objections Based on Rule 701 (Improper Lay Opinion) are Without Merit.

As they did previously, Defendants assert, without any explanation whatsoever, that various portions of the declarations at issue contain "improper lay opinion." However, in virtually every passage to which Defendants assert this objection, the declarants in question are not even offering any opinions that would be subject to Fed. R. Evid. 701. Rather, they are conveying their personal impressions, based on their own personal experiences, and making a sincere effort to explain in lay terms the nature and extent of the dangers they perceive and with which they have had to grapple. Indeed, most of the testimony that Defendants object to on "improper lay opinion" grounds is well within the ordinary confines of admissible statements of discrimination victims. The relevance of this evidence to Plaintiffs' motion for class certification is self-evident.[3]

For example, Defendants object to the portion of Cynara Chatman-Dillon's declaration stating that she has encountered "cracked and uneven gutter pans" on Highway 185. Defendants' Objections to Chatman-Dillon Decl., at No. 4. Rule 701 simply does not apply to this testimony; it is not opinion testimony, but rather is testimony regarding her first hand experiences, describing in lay terms the physical condition of the street and sidewalk at issue.

Moreover, to the extent any of the testimony in question can be characterized as "opinion" testimony, it is admissible under the applicable rule. Pursuant to Fed. R. Evid. 701, testimony from non-experts is admissible as long as it is:

> (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge…

Fed. R. Evid. 701. Most, if not all, of the testimony at issue, to the extent it is even covered by Rule 701 at all, meets these criteria.

---

[3] Defendants also object to testimony by Plaintiffs' expert, Peter Margen in his reply declaration as "improper lay testimony." These objections are completely without merit. Rather, Mr. Margen's testimony is well founded in his personal experiences and observations and his expertise. Defendants' objections to Mr. Margen's testimony is addressed below as well as in Plaintiffs' opposition to Defendants' motion to strike Mr. Margen's declaration altogether, filed March 4, 2008.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

5

As the Ninth Circuit has explained:

> We hold that a lay witness' testimony is rationally based within the meaning of Rule 701 where it is 'based upon personal observation and recollection of concrete facts.' As have the Fourth and Seventh Circuits, we conclude that the extent of a witness' opportunity to observe the [facts in issue] goes to the weight of the testimony, not to its admissibility.

*United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (citing *United States v. Allen*, 787 F.2d 933, 936 (4th Cir. 1986), *vacated on other grounds by* 479 U.S. 1077 (1987) and *United States v. Jackson*, 688 F.2d 1121, 1125 (7th Cir. 1982)).

It is well-settled that courts favor admission of the sort of evidence that Defendants find objectionable on the grounds that the wording occasionally suggests "opinion" or "inferences," rather than concrete statements of pure fact. Hence, Plaintiffs submit that in some instances, their declarants' accounts of encountering and struggling with access barriers fits:

> [t]he p[rototypical example of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of ... things, ... the manner of conduct, ... degrees of lightness or darkness, sound, size weight, distance, and an endless number of items that cannot be described factually in words apart from inferences ... .

*Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 631 (7th Cir. 2006); *see also* 29 Wright & Gold, Federal Practice and Procedure (1997 ed.), §6255, at 163-165 ("lay opinion testimony has also been received on a myriad of subjects having to do with the nature and condition of objects [including] the appearance of objects, condition of an accident site, ..., quality or acceptability, adequacy of safety precautions or devices, ..., speed of a vehicle, [or] cause of an accident"). The Court should follow these sensible principals and guidelines, and reject Defendants' misguided objections based on Rule 701

These very issues were addressed by Plaintiffs in their response to Defendants' initial set of objections to Plaintiffs' declarations. In their reply to such, Defendants advanced the argument that declarants' use of the terms "access barriers" or "accessibility barriers," and similar language constitutes improper lay opinion because such terms appear in the relevant

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

6

statutes and regulations. However, it is well established that "[e]ven where a witness uses language that has a legal meaning . . . the courts still may admit the witness' opinion. This may be proper where the language also has a meaning understandable to lay people and the lay meaning is the same as the legal meaning or the witness clearly intended to employ the lay meaning." Wright & Miller, Federal Practice and Procedure, § 6284, Opinions and Expert Testimony; *see also United States v. Johnson*, 637 F.2d 1224, 1246-47 (9th Cir. 1980) (finding that a physician could testify that an assault victim had suffered "serious bodily injury" even though that language was the same as the statutory language at issue).

There is no question that phrases like "barriers" and "access barriers" have common sense meanings. Moreover, nothing in any of the class members' declarations suggests that they intended to use these phrases to make legal conclusions. For example, class member Gary Palmer testified in his declaration that certain "access barriers" make it difficult for him to cross a portion of a state highway in his town. Palmer Decl. at ¶ 7. Similarly, class member Catherine Shimozono testified in her declaration that she would prefer to travel as a pedestrian because taking the bus presents certain "access barriers." Shimozono Decl. at ¶ 9. Statements like these are clearly offered to describe the witnesses' personal experiences and difficulties in lay terms, not to assert any legal conclusions with respect to the facilities at issue.[4]

### b. *Defendants' Objections Based on Rule 702 (Improper Expert Opinion) are Without Merit.*

Defendants assert that testimony from many of the class member declarants should be stricken as improper expert testimony. However, none of the testimony submitted by Plaintiffs in support of their motion for class certification—with the exception of the testimony submitted by Plaintiffs' expert, Peter Margen—was offered as, or was otherwise represented to be, expert testimony. Defendants' objections on "improper expert opinion" grounds with respect to these witnesses are therefore misguided.

---

[4] Interestingly, the declarations submitted by Defendants in support of their opposition to class certification use similar terms, also apparently relying on those terms' common sense meanings. *See e.g.,* Elliot Decl. at ¶ 23 ("access barrier"); Blackseth Decl. at ¶ 8 ("accessible path of travel"); Whipple Decl. at ¶ 8 ("accessible path of travel"); Howard Decl. at ¶ 6 ("access elements"); Sheriff Decl. at ¶¶ 5 ("barrier removal"), ¶12 ("accessible").

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1     Expert testimony is expressly limited to statements purporting to provide the Court with assistance in applying and interpreting "scientific, technical, or other specialized knowledge." Fed R. Evid. 702. Other than the testimony of Mr. Margen, none of the testimony to which Defendants object on "expert opinion" grounds, either on its own, or in the context of the complete text of the declarations at issue, presume or assert any sort of scientific or technical expertise. Rule 702 is not, as Defendants appear to assume, designed to limit lay testimony reflecting acquisition of knowledge that is in any sense "specialized." Rather, Rule 702 is intended to police the problem of testimony *not* grounded in personal experience. That is, while "[t]he benefits of expert testimony have been manifest for centuries …[,]" most prominent among its potential drawbacks is that "[e]xperts are not subject to Rule 602's demand that testimony be based on personal knowledge, a requirement that the Advisory Committee recognized as promoting reliability." 29 Wright & Gold, Federal Practice and Procedure (1997 ed.), §6262, at 181. Yet Defendants have repeatedly cited Rule 702 to challenge lay testimony—not pretending to be anything else—concerning the personal experiences of individuals with disabilities with access barriers along pedestrian walkways. Such objections based on Rule 702 ignore the key point: that the knowledge at issue is personal knowledge, based on personal experience, and thus wholly beyond the sort of material that is the subject of Rule 702.

    For example, Defendants object on improper expert testimony grounds to class member Catherine Shimozono's statement that she "routinely encounter[s] difficulty using the sidewalks along State Highway 1 due to multiple access barriers." Although it is difficult to tell what portions of this testimony could be confused with "expert" assertions, it appears that Defendants take issue with Ms. Shimozono's characterization of sidewalk impediments as "barriers" to access. Yet surely it is unobjectionable for a class member to describe the problems they themself experience with Defendants' sidewalks, using words which have common-sense meanings. The implication Ms. Shimozono is attempting to offer expert conclusions regarding technical concepts, rather than her personal impressions as an individual directly affected is farfetched.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

8

Defendants also object on Rule 702 grounds to the testimony of Plaintiffs' expert, Peter Margen, in his reply declaration. Defendants fail to explain, and indeed it is inexplicable, why Mr. Margen's testimony is not proper expert testimony given his unchallenged credentials. In their separate, pending motion to strike Mr. Margen's reply declaration altogether (to which Plaintiffs have separately responded), Defendants assert that Mr. Margen's testimony may be ignored because it supposedly only addresses the merits of this case and is unrelated to class certification. As Plaintiffs explain in their opposition to Defendants' motion to strike Mr. Margen's reply testimony, this view is off the mark. Ultimately, Defendants nowhere state a colorable argument as to why Mr. Margen's testimony is inadmissible under Rule 702. Plaintiffs respectfully submit that the reason for this omission is that Mr. Margen clearly is an expert, and his testimony clearly is admissible as expert testimony.

   c. *Defendants' Objections Based on Rule 602 (Lack of Basis in Personal Knowledge) are Without Merit.*

Defendants object to many statements—as they did in their first set of evidentiary objections—based on Fed. R. Evid. 602, which forbids testimony that is not based on personal knowledge. The standard of admissibility under Rule 602 is lenient. *See United States v. Joy*, 192 F.3d 761, 767 (7th Cir.1999)(Rule 602 sets low standard for admissibility). Especially where, as here, the factfinder is the Court, it would be inappropriate and a waste of time for the Court to consider individually Defendants' numerous objections based on Rule 602. Instead, the Court should simply review the declarations and accord them the weight they deserve. If the Court determines that a particular factual assertion suffers from a lack of foundation in the personal knowledge or perception of the declarant, the Court is of course free to discount the probative value accorded to such assertion.

Even if the Court were to embark on an individualized examination of each of Defendants' numerous objections based on Rule 602, it would become rapidly clear to the Court that Defendants' objections on this basis are premised on a grossly overly-narrow view of what

---

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

9

constitutes personal knowledge and/or a factual foundation for testimony. For instance, Defendants object on Rule 602 grounds to class member Dwight Bateman's testimony that:

> ... when the streets were last graded, the asphalt layer did not extend smoothly to the curb ramp but instead dropped off abruptly at the cement gutter leading to the curb ramp.

Defendants' Objections to Bateman Decl., at No. 2. Defendants simply misapply Rule 602 when objecting to testimony such as this testimony, which is expressly founded on the witness's own use of Defendants' sidewalk facilities. Indeed, this testimony simply relates personal, first-hand observations of the declarant about pavement in a particular area. Rule 602's "personal knowledge" requirement, which encompasses a witness' direct observations of the physical state of the sidewalk and pavement, is certainly met here. *See United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir.1997)("[e]vidence is inadmissible ... only if ...the witness could not have actually perceived or observed that which he testifies to.")

Again, this issue was addressed in Plaintiffs' response to Defendants' first set of evidentiary objections. In their reply to Plaintiffs' response, Defendants argued that class members lack a proper foundation to make these kind of statements because they lack the necessary expertise to make such statements. However, a declarant needs no specialized expertise to simply describe their personal observations and experiences—which is, after all, what is being described in the testimony at issue. Rather, the foundation provided by the declarants as to their first-hand experience with the sidewalks about which they testify is sufficient. Thus, the Court should deny Defendants' evidentiary objections based on Rule 602.[5]

### d. Defendants' Objections Based on Hearsay Lack Merit.

As with their hearsay objections in their original round of objections, Defendants' second round of hearsay objections should be denied because, among other reasons, Defendants make

---

[5] Defendants also lodge a series of incomprehensible objections to this same category of testimony—which, again, is based on concrete personal knowledge—asserting that this testimony is "speculative." However, this testimony as to the declarants' experiences, and the nature and extent of harms that they have suffered, is based on personal knowledge and is far from speculative.

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

10

absolutely no effort to assess whether any of the statements at issue were offered for their truth, or whether any hearsay exceptions might apply. *See Dukes II*, 222 F.R.D. at 198-99.

Moreover, even if the Court chooses to review each individual hearsay objection, it will become clear that the statements to which Defendants object on hearsay grounds are not in fact offered to prove the truth of the matters asserted. For example, Defendants object to the testimony of class member Patsy Chester that "[w]hen the Chairman of the Disability Committee spoke with Caltrans she was told that they would install curb ramps within a year." Defendants' Objections to Chester Decl., at No. 9. However, this statement is not offered to show that curb ramps would be installed in the manner suggested. Rather, it is offered to describe the declarant's personal experiences communicating with Defendants and to show that the declarant has a reasonable, good faith belief that the sidewalk facilities at issue are within Defendants' responsibility.

### e. *Defendants Other Objections are Without Merit.*

As with their previous set of objections, Defendants object to numerous statements as irrelevant (Fed. R. Evid 401, 402). As with their other objections, completely missing is any explanation or argument in support of these objections. In fact, without addressing each and every statement that Defendants objected to, the testimony at issue—most of which is testimony from class members regarding their personal experiences with Defendants' sidewalks— is directly relevant to Plaintiffs' contention that Defendants' failure to take required systematic actions and their discriminatory policies and practices have resulted in the persistence of numerous access barriers throughout Defendants' sidewalk system.

The bases for Defendants' objections based on Fed. R. Evid. 403 are similarly unclear. As discussed above, Defendants fail to elucidate which portion of Rule 403 constitutes the grounds for their objections in each case—that is, whether Defendants are asserting that the testimony is unduly prejudicial, confusing, or a waste of time.[6]

---

[6] In their reply to Plaintiffs' response to Defendants' first round of objections, Defendants stated that they are simultaneously asserting all of the sub-categories of Rule 403 by these objections. However,

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

11

For example, Defendants object on Rule 403 grounds to class member Janet Abelson's testimony that "[t]he inaccessibility of the Highway 680 overpass along Coggins Drive causes me another significant problem." Defendants' Objections to Abelson Decl., at No. 4. Similarly, Defendants object on Rule 403 grounds to class member Gary Palmer's testimony that he "routinely encounter[s] difficulty using the sidewalks along State Highway 162 due to multiple access barriers." Defendants' Objections to Palmer Decl., at No. 1. Defendants fail to explain why they believe these statements are problematic under Rule 403, nor do they explain at all why the Court should take the extreme step of excluding these statements as Defendants have requested. Without any such explanation, Plaintiffs do not have a fair opportunity to respond to these objections. In any event, it is difficult to see what about the above statements would be problematic under any of the sub-categories of Rule 403.[2] Accordingly, the Court should deny Defendants' objections on these bases.

### 3. The Testimony in the Margen and Kimber Reply Declarations Is Admissible, and Defendants' Objections Should Be Denied.

Defendants have also filed motions to strike in their entirety the reply declarations of Plaintiffs' counsel, Ms. Kimber, and Plaintiffs' expert, Mr. Margen. Defendants' separately filed objections to testimony in these declarations are duplicative of their motions to strike. Given that Defendants' objections to that testimony are no more clear or specific than those to various lay witness declarations, Plaintiffs submit that it would be wasteful and illogical for Plaintiffs or the Court to analyze each of these objections individually. Rather, Plaintiffs have addressed Defendants' concerns about the admissibility of Ms. Kimber's and Mr. Margen's testimony thoroughly in their opposition to Defendants' motions to strike those declarations, which was filed on March 4, 2008.

---

[2] Defendants still failed to articulate any explanation as to why the testimony in question suffered from any of the flaws addressed by Rule 403.

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
**PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

12

## III. CONCLUSION

For the foregoing reasons, the Court should summarily deny Defendant's objections to, and requests to strike portions of, the reply declarations filed in support of Plaintiff's motion for class certification.

DATED: March 6, 2008

Respectfully submitted,
DISABILITY RIGHTS ADVOCATES
AARP FOUNDATION LITIGATION

_____
Roger Heller
Attorney for Plaintiffs

\\Server\cases\CDR.Caltrans\Pleadings\Class_Cert\Oppositions_Motion_Strike_Evid_Objections\Responses_Evid_Objections_ReplyDecl.doc

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY
DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

13