**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> CALIFORNIA DEPARTMENT OF TRANSPORTATION ("CALTRANS") and WILL KEMPTON, in his official capacity, <br><br> Defendants. | No. C 06-5125 SBA <br><br> **ORDER** <br><br> [Docket No. 208] |

Before the Court is Plaintiff's Motion for Leave to File Motion for Clarification and/or Reconsideration [Docket No. 208] and Defendant's Opposition [Docket No. 209]. Having considered the Plaintiffs' motion for leave to file and Defendants' opposition to the motion, the Court DENIES the plaintiffs' motion.

**BACKGROUND**

On March 13, 2008, the Court issued an Order on the defendants' motion for judgment on the pleadings [Docket No. 207] and plaintiffs' motion for class certification [Docket No. 78] and made the following dispositions. First, the motion for judgment on the pleadings was GRANTED with respect to plaintiffs' Causes of Action 3-6 and the claims were dismissed. Second, there were two rulings with respect to Plaintiffs' cause of action pursuant to Title II of the ADA, 42 U.S.C. § 12132. The Court, declining to hold that the defendant was entitled to sovereign immunity on the ADA claim, DENIED the motion and stated that a Title II claim remained. However, the Court DISMISSED that portion of the ADA claim that relied on allegations that Title II is violated by the defendants' failure to comply with regulations under 28 C.F.R. §§ 35.105 and 35.150(d) which require preparation and implementation of self-evaluation and transition plans. The Court held that there is no private right of action to enforce the self-evaluation and transition regulations under the

regulatory scheme of the ADA. [Docket No. 207, p. 14].

Next, the Court GRANTED plaintiffs' Motion for Class Certification and certified the proposed class:

> all persons with mobility and/or vision disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973 due to barriers along sidewalks, cross-walks, pedestrian underpasses, pedestrian overpasses and any other outdoor designated pedestrian walkways throughout the state of California which are owned and/or maintained by the California Department of Transportation.

[Id., p. 27, certifying the class].

Finally, the Court explicitly stated that "[w]hile the Court has granted defendants' motion with respect to any right plaintiffs assert to enforce the self-evaluation and transition regulations of Title II of the ADA, plaintiff's other claims under the ADA, as well as § 504 of the Rehabilitation Act, remain intact." [Id., p. 13].

Plaintiffs now ask the Court to clarify a portion of the Order. They understand the part of the Order in which the Court certified their claims alleging violations of the heightened "strict compliance" obligation for newly constructed or altered sidewalks. [Id., p. 14, ll. 21-24]. However, they are less certain whether "the named plaintiffs can still enforce their rights to program access for existing sidewalks directly under the statutes," *i.e.* the ADA and the Rehabilitation Act. [Docket No. 208, p. 5, ll. 1-7].

**LEGAL STANDARD**

Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before

such interlocutory order.

Thus, L.R. 7-9 permits reconsideration of an order only if there has been a change in a material fact or law since the time the original motion was made.

**ANALYSIS**

This is not a true motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9 for two reasons. First, Plaintiffs do not state any basis for reconsideration; they do not allege any subsequent new material fact of change of law since the entry of the Order or a manifest failure by the Court to consider important facts of law that were presented to the Court. Second, they never actually ask the Court to reconsider anything. Therefore, insofar as this motion is captioned a Motion for Leave to File a Motion for Reconsideration, it is DENIED.

Instead, the plaintiffs ask the Court to clarify the scope of the class certification. Having read the motion for reconsideration and/or clarification that was submitted simultaneously with the motion for leave to file,[1] it seems the plaintiffs are concerned that defendants' position is that the class is not certified with respect to any claims about barriers within the existing sidewalk system, and attach a letter from Defendants' counsel as Exhibit B to the motion. Defense counsel, however, does not state this. The defendants mostly repeat what the Court stated in its Order and assert that because they find the Order sufficiently clear they will not stipulate to the plaintiffs' request for clarification.

There is no question that this Court ruled out any claims about existing sidewalks that rely on allegations that the Defendants failed to comply with the regulations that require preparation and implementation of self-evaluation and transition plans. [Motion, p. 4, ll. 15-20]. But it considered the other allegations for "newly constructed or altered sidewalks" [Order, p. 14, ll. 13-16] and did not dismiss that claim. [Order, p. 14, ll. 21-25]. Newly constructed or altered sidewalks by definition certainly fall within the scope of "existing sidewalks," as would alleged barriers on those existing sidewalks. It is plaintiffs' task to litigate the issue of "barriers to access" under Title II without relying on the theory that Title II is violated solely because Caltrans had an obligation under

---

[1] Had this been a true motion for leave to file a motion for reconsideration, the submission would have been improper under Local Rule 7-9 without first obtaining the Court's permission.

1  the regulations to identify those barriers, set a schedule to remedy them and maintain access features
2  in proper condition. [*See* Order, p. 14, lines 8-11, in which the Court identifies the portion of the
3  allegations it dismisses.].

**CONCLUSION**

The motion for leave to file a motion for reconsideration is DENIED because it fails to state a basis for reconsideration as required by Local Rule 7-9, which permits reconsideration of an order only if there has been a change in a material fact or law since the time the original motion was made.

In the alternative, the motion for clarification should is also DENIED because the Order is clear that Title II claims for newly constructed or altered sidewalks are certified so long as they do not rely on allegations that Defendants failed to comply with regulations.

IT IS SO ORDERED.

November 24, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge