United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.<br><br>Defendants. | No. C 06-5125 SBA (MEJ)<br><br>ORDER COMPELLING FURTHER DISCOVERY |

Plaintiffs have moved to compel defendants to produce further documents in response to requests numbers 53-64 of its third request and to produce a person most knowledgeable pursuant to Rule 30(b)(6) to testify concerning Caltrans' practice in providing accessible temporary routes during construction. Having read all the papers submitted, IT IS HEREBY ORDERED as follows:

1. The motion to compel is GRANTED as to requests numbers 53-61 and 63, subject to the following conditions:

   a. Subject to any order that Judge Armstrong may issue clarify the class certification ruling, it appears to this Court, that what is "in play" in this litigation on a class basis is whether Caltrans violated the access requirements imposed by 28 C.F.R.§ 35.151(c) and § 42.522 through the use of improperly designed guidelines and failure to ensure

|   |   |   |
|---|---|---|
| 1 | | compliance with the guidelines it had, which is in the scope of the certified class. The |
| 2 | | results of the requested surveys and related documents are relevant and thus |
| 3 | | discoverable. The results of the survey may disclose deficiencies on a scale to suggest |
| 4 | | that Caltrans lacked proper design guidelines or failed to ensure compliance with those |
| 5 | | guidelines. Defendants contention that such information could be introduced at trial to |
| 6 | | prove issues which are beyond the scope of the class certification is premature; |
| 7 | | however, such contentions maybe appropriate for *in limine* motions. Further, this |
| 8 | | Court does not construe the class issues restricted to pedestrian facilities as to exclude |
| 9 | | curb ramps. Although curb ramps are mentioned in 28 C.F.R. § 35.151(e), the |
| 10 | | reference has no bearing on the discoverability of the surveys and possible barriers to |
| 11 | | access. |
| 12 | b. | Defendants' generalized objections to attorney client privilege are questioned by this |
| 13 | | Court. Defendants have yet to serve plaintiffs with either the requested documents or |
| 14 | | a privilege log. Furthermore, plaintiffs have not been given its right to challenge the |
| 15 | | attorney client privilege objection nor can this Court make a ruling. Accordingly, |
| 16 | | Caltrans must prepare and serve a privilege log by the close of business on January 15, |
| 17 | | 2009, and defendants may withhold documents listed on that log pending further |
| 18 | | motion by plaintiffs or by order of this Court. |
| 19 | c. | Defendant's assert the work product doctrine. The purpose of the SHOPP curb |
| 20 | | program is to provide funding for projects related to curb ramps, whether missing curb |
| 21 | | ramps or upgrading curb ramps. If work product is within the requested documents |
| 22 | | that be disclosed, Caltrans may redact the statements reflecting counsel's mental and |
| 23 | | legal impressions. |
| 24 | d. | The motion is GRANTED in PART and DENIED in part as to request number 62 |
| 25 | | without prejudice. If Caltrans intends to assert that it is relieved of any legal |
| 26 | | obligation under Title II by virtue of the fact that it does not own certain rights of way, |
| 27 | | it shall advice plaintiffs by January 15, 2009 and produce the request documents. |

    However, missing curb ramps may be a bar to accessibility. Caltrans' asserted the work product doctrine. Therefore, it may redact the statemtns felection counsel's mental and legal impressions. With regards to objections asserting attorney client privilege, Caltrans must prepare and serve a privilege log on plaintiffs by the close of business on January 15, 2009, and defendants may withhold documents listed on that log pending further motion by plaintiffs or by order of this Court.

2. The motion is DENIED as to request number 64 on the grounds that it is sufficiently value and over broad that it appears to be seeking information based on the self-evaluation or transition plan regulations, and those claims are no longer live as stated in Judge Armstrong's Order of March 13, 2008.

3. To the extent Caltrans has objected on the grounds that no time limitations are contained in its requests, the time limitations are co-extensive with the period during which Caltrans constructed new or altered existing facilities after January 26, 1992.

4. The request to produce a 30(b)(6) witness is DENIED without prejudice. Plaintiffs may renotice its 30(b)(6) deposition to Caltrans for a witness to testify regarding the practices concerning provisions of accessible and/or alleged barriers of temporary routes during construction or altered sidewalks.

IT IS SO ORDERED.

Dated: December 16, 2008

MARIA ELENA JAMES
United States Magistrate Judge

3