United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIANS FOR DISABILITY RIGHTS, *et al.*,

        Plaintiffs,

  v.

CALIFORNIA DEPT OF TRANSPORTATION, *et al*.,

        Defendants.
                                     /

No. C 06-05125 SBA (MEJ)

**DISCOVERY ORDER**

      On April 7, 2009, Plaintiffs and Defendant California Department of Transportation ("Caltrans") filed a Joint Letter regarding a dispute over Caltrans' compliance with this Court's prior ruling, granting in part and denying in part Plaintiffs' Motion to Compel Caltrans to produce documents in response to Plaintiffs' Discovery Request No. 62. (Dkt. #293.) Specifically, in the Court's December 16, 2008 Order Compelling Further Discovery, the Court ruled, in relevant part:

> The motion is granted in part and denied in part as to request number 62 without prejudice. If Caltrans intends to assert that it is relieved of any legal obligation under Title II by virtue of the fact that it does not own certain rights of way, it shall advi[s]e plaintiffs by January 15, 2009 and produce the request documents.

(Dkt. #244 at 2.) Pursuant to this ruling, on January 15, 2009, Caltrans notified Plaintiffs that it would assert a third-party ownership/control defense only if Plaintiffs litigate this case on a location-specific basis. (Letter at 2, 4.)

      Plaintiffs now contend that Caltrans' response wholly fails to comply with the Court's ruling and request that the Court again order Caltrans to specify as to which locations identified in the 2007 survey it intends to assert a third-party ownership/ maintenance defense. (Letter at 2-3.) Plaintiffs

1 also request that the Court order that if Caltrans fails to comply with the ruling, Caltrans will be
2 precluded at trial from offering any evidence to contest their ownership of locations identified in the
3 2007 Caltrans survey as having missing curb ramps. (Letter at 3.)

4     Caltrans, on the other hand, contends that their response satisfies the Court's ruling, in that it
5 informed Plaintiffs that it will only assert a third-party defense if Plaintiffs litigate this matter on a
6 location-by-location basis. (Letter at 4.) Caltrans further states that it has agreed to produce
7 documents demonstrating that it is relieved of responsibility under Title II based on third-party
8 ownership or control, provided Plaintiffs first identify which locations they intend to litigate. (*Id.*)
9 It asserts that "[o]nly after Plaintiffs identify such locations can Caltrans ascertain the locations for
10 which it must decide whether it 'intends to assert that it is relieved of any legal obligation,' and for
11 which it will produce the requested documents." (Letter at 5.) Accordingly, Defendants request that
12 the Court order Plaintiffs to provide a list of missing curb ramps that Plaintiffs have allegedly
13 encountered and that Plaintiffs intend to litigate at trial. (*Id.*)

14     Plaintiffs object to this request. They argue that, "the certified class consists of all mobility
15 and/or vision disabled persons in California allegedly denied access 'due to barriers along sidewalks,
16 cross-walks, pedestrian underpasses, pedestrian overpasses and any other outdoor designated
17 pedestrian walkways throughout the state of California which are owned and/or maintained by the
18 California Department of Transportation.'" (Letter at 2.) Because the certified class covers all of
19 Caltrans' sidewalks where mobility and/or vision disabled pedestrians may encounter access
20 barriers, Plaintiffs contend that they are entitled to know which of the locations Caltrans claims it is
21 not responsible for because of third-party ownership. (Letter at 2-3.)

22     The Court has considered the parties' arguments and rules as follows:

23     Caltrans shall notify Plaintiffs in writing by <u>May 25, 2009</u>, which of the locations identified
24 in the 2007 survey it claims it has no legal liability for because of third party ownership or
25 maintenance obligations. Failure to comply with this Order will result in sanctions.

26 **IT IS SO ORDERED.**

27
28 Dated: April 27, 2009

                                    MARIA-ELENA JAMES
                                    United States Magistrate Judge