UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL and DMITRI BELSER, on behalf of themselves, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("Caltrans") and WILL KEMPTON, in his official capacity.<br><br>                Defendants. | CASE NO. C 06 5125 SBA<br><br>CLASS ACTION<br><br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR COORDINATION AND EXTENSION OF DISCOVERY DEADLINES** |

## I.   BACKGROUND

Plaintiffs filed a Motion for Case Coordination and Extension of Discovery Deadlines (the "Motion").  Plaintiffs' Motion asks this Court to defer its ruling on their purported 'program access' claims concerning "existing pedestrian facilities" (facilities not constructed or altered after January 26, 1992) pending resolution of the same claims in the action pending between the same parties in the Alameda Superior Court, entitled CDR v. Caltrans, Case No. RG08376549 ("State Action").  Plaintiffs' proposal as to coordination is two-fold.  First, Plaintiffs ask the Court to "bifurcate" Plaintiffs' claims pertaining to newly constructed and altered pedestrian facilities (*i.e.*, constructed or altered after January 26, 1992) from their purported "program access" claims pertaining to existing facilities.  Second, Plaintiffs ask this Court to stay their existing facilities claim pending the State Court's decision on the same claim.  Plaintiffs' Motion also seeks an extension of the discovery deadlines set forth in this Court's Order for Pretrial Preparation dated December 15, 2008 (Docket No. 243).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims,

1

cross claims, counterclaims, or third party claims."  "Motions to bifurcate are to be granted '. . . only when the separation will result in judicial economy and will not unduly prejudice any party.' [Citation omitted.]"  Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 865 (C.D. Cal. 1994). "[S]eparation of issues for trial is not to be routinely ordered."  Adv. Com. Notes to 1966 Amendment to Fed.R.Civ.P. 42(b).

The trial court, in its sound discretion, may stay or dismiss federal proceedings pending resolution of parallel state proceedings resides in the discretion of the trial court, but only under exceptional circumstances.  Moses H. Cone Hospital v. Mercury Construction Corp., 460 U.S. 1, 13-19 (1983); Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976).  The Supreme Court has set forth a number of balancing factors to determine whether the exceptional circumstances test is satisfied: (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, (3) the order in which the proceedings were initiated, and (4) the presence of a *res* or property over which jurisdiction has been asserted (Colorado River, 424 U.S. at 818-19); (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights (Cone, 460 U.S. at 23, 26).  "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Cone, 460 U.S. at 16.  The Ninth Circuit mandates that "any doubt as to whether a factor exists should be resolved against a stay, not in favor of one."  Travelers Indem. Co. v. Madonna, 914 F. 2d 1364, 1369 (9th Cir. 1990), citing Colorado River, 424 U.S. at 819.

### III.   ANALYSIS

### A. *Plaintiffs' Motion Does Not Seek The Type of Bifurcation Governed By Rule 42(b) of the Federal Rules of Civil Procedure*

Plaintiffs do not seek to try their new construction and alterations claim separate from their existing facilities claim in this action.  Rather, Plaintiffs ask the Court to preside over the trial of their new construction and alterations claim only, preferring that their existing facilities claim be adjudicated

in State Court.  Federal Rule of Civil Procedure Rule 42(b) does not apply, as it governs bifurcation of federal trials, and not division of claims between federal and state trials.

Even assuming *arguendo* that Rule 42(b) were to apply, Plaintiffs have not and cannot establish facts to justify bifurcation.  Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross claims, counterclaims, or third party claims."  "Motions to bifurcate are to be granted '. . . only when the separation will result in judicial economy and will not unduly prejudice any party.' [Citation omitted.]"  Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 865 (C.D. Cal. 1994).  "[S]eparation of issues for trial is not to be routinely ordered."  Adv. Com. Notes to 1966 Amendment to Fed.R.Civ.P. 42(b).[1]  Here, bifurcation would prejudice Defendants.  Defendants would be forced to incur significant resources to litigate Plaintiffs' federal claims on two fronts when this Court is able to address all of the claims grounded in federal disability law.  Separate trials would delay the final resolution of Plaintiffs' claims because the State Action has not proceeded as far along as this action.

### B.  Exceptional Circumstances Do Not Exist To Warrant Plaintiffs' Requested Stay

The trial court, in its sound discretion, may stay or dismiss federal proceedings pending resolution of parallel state proceedings, but only under exceptional circumstances.  Moses H. Cone Hospital v. Mercury Construction Corp., 460 U.S. 1, 13-19 (1983); Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976).  The Supreme Court has set forth a number of balancing factors to determine whether the exceptional circumstances test is satisfied: (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, (3) the order in which the proceedings were initiated, and (4) the presence of a *res* or property over which jurisdiction has been asserted (Colorado River, 424 U.S. at 818-19); (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceedings are inadequate to protect the federal

---

[1] Additionally, "'there is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice.' (Citation Omitted.)."  See Guedry v. Marino, 164 F.R.D. 181, 186 (E.D. La. 1995).  Plaintiffs' claims regarding new construction and alterations, on the one hand, and regarding existing pedestrian routes, on the other hand, are not sufficiently distinct from each other to justify bifurcation.  Plaintiffs' new construction and alterations claim and existing facilities claim rely on the same allegations -- that Plaintiffs' class members were denied access to various pedestrian routes throughout the State of California.

litigant's rights (Cone, 460 U.S. at 23, 26).  "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Cone, 460 U.S. at 16.  And this Circuit mandates that "any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." Travelers Indem. Co. v. Madonna, 914 F. 2d 1364, 1369 (9th Cir. 1990), citing Colorado River, 424 U.S. at 819.

       The Court finds there are no exceptional circumstances.  First, Plaintiffs have made no showing as to the inconvenience of the federal forum.  Second, Plaintiffs' proposed coordination results in piecemeal litigation between this action and the State Action.  Third, Plaintiffs filed the Federal Action approximately 20 months before the State Action, and this action has advanced significantly further than the State Action.[2]  Unlike this case, the State Court has not yet set any pretrial or trial-related dates. Most importantly, federal law provides the rule of decision on the merits (see Cone, supra, 460 U.S. at 23.  "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]."  Id. at 26.  "There is less reason to defer to a state court interpretation of federal law than to a state court interpretation of state law."  U.S. v. Tropic Seas, Inc., 877 F. Supp. 1347, 1357 (D. Haw. 1995) (applying Colorado River and declining to stay federal action in favor of state action).  Plaintiffs' two lawsuits are based on federal law, the ADA.  Plaintiffs' program access claim as to existing facilities is based on a federal regulation, 28 C.F.R. § 35.150.  And Plaintiffs' California disability law claims are also based on the ADA.  There is no reason for this Court to defer to the State Court's interpretation of *federal* law issues.[3]

      **C.**     ***The Discovery Cut-off Deadlines Set Forth In The Court's December 15, 2008 Order Will Remain In Place***

---

[2] Priority is measured "in terms of how much progress has been made in the two actions."  Cone, supra, 460 U.S. 1, 21 (1983); see also, e.g., Herrington v. County of Sonoma, 706 F. 2d 938, 939-40 (9th Cir. 1983) ("The two court actions involved here were filed almost simultaneously, but the state action was filed one day after the federal.  As a result, the state action was not at an advanced stage nor more actively pursued by the plaintiffs.")

[3] The factor of whether the state court proceedings are inadequate to protect the federal litigant's rights "involves the *state* court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights." Travelers Indem., supra, 914 F. 2d 1364, 1370 (9th Cir. 1990).  "This Circuit has not applied this factor against the exercise of jurisdiction, only in favor if it."  Id. at 1370.

Because the Court is denying the motion to bifurcate claims and stay the action pending resolution of the state court action, the deadlines set forth in the December 15, 2008 Order for Pretrial Preparation remain intact, and Plaintiffs' request for additional time to conduct discovery is DENIED. Discovery has been ongoing for the duration of this action in federal court.  Moreover, it was Plaintiffs who proposed the deadlines they now seek to extend, and the Court adopted them based on the status of litigation that has already been pending for more than two years. See Defendants' Opposition to Plaintiffs' Motion to Shorten Time for Hearing on Plaintiffs' Motion for Case Coordination and Extension of Discovery Deadlines at p. 2:17-24 (Docket No. 300).  At this juncture, an extension of pretrial dates that were agreed upon by the parties only four months ago prejudices a party intending to file a summary judgment motion.  A timely hearing of dispositive motions by July 14, 2009, is necessary to maintain other critical pretrial and trial deadlines.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs' request for coordination is denied and the Court will retain the discovery cut-off deadlines set forth in its December 15, 2008 Order.

IT IS SO ORDERED.

Dated: 4/27/09

_____
Hon. Saundra Brown Armstrong
United States District Court Judge