IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, *et al.*,<br><br>        Plaintiffs,<br><br> v.<br><br>CALIFORNIA DEPT OF TRANSPORTATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. C 06-05125 SBA (MEJ)<br><br>**ORDER RE DISCOVERY DISPUTE** |

      On July 2, 2009, Plaintiffs Californians for Disability Rights *et al.* and Defendant California Department of Transportation *et al.*, filed a joint letter regarding further developments in an ongoing discovery dispute concerning the production of documents relating to the ownership and/or maintenance of pedestrian facilities where Caltrans has identified missing curb ramps. (Dkt. #345.)

      The Court has issued two prior orders on this dispute on December 16, 2008 (Dkt. #244), and April 27, 2009 (Dkt. #305). In those Orders, the Court directed Caltrans to advise Plaintiffs which of the locations identified in its 2007 survey it is claiming it is not responsible for under Title II based on third-party ownership or maintenance obligations and to produce the documents requested. According to Plaintiffs, Caltrans responded to the Court's April 27, 2008 Order by identifying over one thousand missing ramp locations where it claims it is relieved of liability due to third-party ownership "and/or" maintenance obligations. However, Plaintiffs state that Caltrans has refused to indicate which of these two asserted defenses applies to each location. Plaintiffs also contend that

Caltrans has refused to produce any of the documents requested for these locations. Plaintiffs therefore urge the Court to compel Caltrans to produce the documents and sanction Caltrans for its failure to comply with the Court's Orders.

Caltrans asserts that it complied with the Court's April 2009 Order, in that, it "identified" the locations, but maintains that, notwithstanding the fact that the December 2008 Order instructed Caltrans to produce the documents, it was not required to produce any documents. Caltrans also argues that it should not be required to produce the maintenance agreements because it does not intend to rely on such agreements in this litigation as part of its defense. Caltrans also indicates that "for the vast majority of the identified missing curb ramp locations, Defendants have already notified Plaintiffs in writing whether the missing curb ramp location was relinquished or subject to a maintenance agreement." (Dkt. #345 at 4.) They also indicate that they "are willing to inform Plaintiffs in writing which locations identified per this Court's April 27 Order were relinquished and which are subject to maintenance agreements." (*Id.*)

The Court has carefully considered the parties arguments and rules as follows.

By **5:00 p.m. August 1, 2009**, Caltrans shall supplement its prior written notice by specifically identifying which of the locations it previously identified were relinquished and which locations are subject to maintenance agreements.

By **5:00 p.m. August 7, 2009,** Caltrans shall produce all of the requested documents for those locations it identified as relinquished.

The Court reserves ruling on Plaintiff's request for sanctions at this time pending Caltrans's compliance with the directives of this Order.

**IT IS SO ORDERED.**

Dated: July 29, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

2