UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("CALTRANS") and WILL KEMPTON, in his official capacity,<br><br>Defendants. | Case No: C 06-5125 SBA<br><br>**ORDER RE PROPOSED CURB RAMP MODIFICATIONS** |

This is a certified class action brought by persons with mobility and vision impairments who allege that they have been denied access to sidewalks, cross-walks, pedestrian underpasses and other public rights of way in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. One of the issues presented in this case concerns Defendants' legal obligation to upgrade non-compliant curb ramps constructed or altered after January 26, 1992, the effective date of the ADA.

Defendants acknowledge that they have an obligation to install curb ramps adjacent to roadways being resurfaced or altered when "curb cuts" are missing. Defs.' Mem. at 1. However, Defendants likewise claim that they have no legal obligation to bring existing, non-compliant curb ramps into conformance with the ADA when a roadway adjacent to the curb is repaved or modified. Id. The regulations concerning alterations are set forth at 28 U.S.C. § 35.151, which states as follows:

**§ 35.151   New construction and alterations.**

\* \* \*

(b) <u>Alteration</u>. Each facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is <u>readily accessible to and usable by individuals with disabilities</u>, if the alteration was commenced after January 26, 1992.

\* \* \*

(e) <u>Curb ramps</u>. (1) Newly constructed or altered streets, roads, and highways must contain curb ramps or other sloped areas at any intersection having curbs or other barriers to entry from a street level pedestrian walkway.

(2) Newly constructed or altered street level pedestrian walkways must contain curb ramps or other sloped areas at intersections to streets, roads, or highways.

28 U.S.C. § 35.151 (emphasis added).

Defendants assert that there is nothing in subsection (e) of the above-cited regulation that obligates them to upgrade curb ramps every time the roadway adjacent to the ramp is altered.[1] The leading case on this issue is <u>Kinney v. Yerusalim</u>, 9 F.3d 1067 (3rd Cir. 1993). In <u>Kinney</u>, the court held that a street resurfacing project was an "alteration" within the meaning of 28 C.F.R. § 35.151(e), and therefore, the City was required to ensure that fully accessible curb ramps were installed in those areas where the resurfacing occurred. <u>Id.</u> at 1072-73. The court recognized that "[s]ubpart (e) effectively unifies a street and its curbs for treatment as <u>interdependent facilities</u>. If a street is altered to make it more usable to the general public, it must also be made more usable for those with ambulatory disabilities." <u>Id.</u> at 1073. Following <u>Kinney</u>, the court in <u>Lonberg v. City of Riverside</u>, 2007 WL 205177 at \*6 (C.D. Cal. June 26, 2007) ruled that "resurfacing projects undertaken by the City are alterations within the meaning of [] 28 U.S.C. § 35.151(e), and that the City was obligated to bring curb ramps located adjacent to such work in conformance with federal and state construction regulations."

---

[1] For dramatic effect, Defendants repeatedly assert that the relief sought by Plaintiffs is that they "demolish" existing curb ramps. However, the salient issue is whether Defendants have a duty to upgrade noncompliant curb ramps when they alter adjacent roadways. The manner in which Defendants bring those ramps into compliance is not germane at this juncture.

Defendants argue that <u>Kinney</u> applies only to situations where curb ramps are missing, and that "existing curb ramps were not at issue" in that case. Defs.' Mem. at 5. This argument is unpersuasive. The point made by <u>Kinney</u> is that section 35.151(e) treats streets and curbs as "interdependent facilities." 9 F.3d at 1073. In other words, an alteration to the roadway necessarily triggers an obligation by the public entity to ensure that the adjacent curb also complies with the ADA. For Defendants to acknowledge on the one hand that they have an obligation to install missing curb ramps—but at the same time have <u>no obligation</u> to ensure that existing curb ramps are accessible—is illogical. A non-accessible existing curb ramp can pose a barrier to the disabled to the same extent as a non-existent curb ramp. It follows then that if Defendants alter a roadway, they are obligated to ensure that the adjacent curb ramp complies with the ADA as well.[2]

Next, Defendants argue that they have no obligation to upgrade existing curb ramps when there are only "minor deviations" from the ADA Accessibility Guidelines (ADAAG).[3] As support, Defendants cite <u>Schonfeld v. City of Carlsbad</u>, 978 F. Supp. 1329 (S.D. Cal. 1997) for the proposition that the construction or alteration of curb ramps may take into account "site infeasibility considerations." <u>Id.</u> at 1341. The court explained:

> "Site infeasibility" is defined by the ADAAG as "[e]xisting site development conditions that prohibit the incorporation of elements, spaces, and features which are in full and strict compliance with the minimum requirements for new construction in the public right-of-way and which are necessary for pedestrian access, circulation, and use." ADAAG § 14.3.1(4). ADAAG technical provisions include a number of alternatives for curb ramp types, width, landings, slope and surface, where site infeasibility may prevent strict compliance. ADAAG § 14.3.2(2)(a)-(e).

<u>Id.</u> n.15. The district court thus granted the City's motion for summary judgment as to the plaintiffs' curb ramp claim based on the plaintiffs' failure to present evidence of non-compliant

---

[2] Defendants cite <u>George v. Bay Area Rapid Transit</u>, -- F.3d --, 2009 WL 2461908 (N.D. Cal. Aug. 13, 2009) for the proposition that they cannot be compelled to do more than that which the law requires. Defs.' Mem. at 7-8. The Court concludes that the law requires Defendants to ensure that existing curb ramps are ADA-compliant when adjacent roadways are altered.

[3] This argument exceeds the scope of briefing permitted by the Court. Nevertheless, since this issue has been briefed and not previously considered, the Court will address the parties' arguments on this point.

1  ramps, coupled with defendant's affirmative evidence showing that its ramps complied with the
2  ADAAG.  Id.
3      Here, Defendants assert that Plaintiffs are seeking injunctive relief that would force
4  them to upgrade existing curb ramps without taking into account issues of site infeasibility.
5  Defs.' Mem. at 12.  At this juncture, however, Defendants' argument is entirely theoretical.
6  Defendants have presented no evidence that Plaintiffs' claims are based on "minor" deviations
7  that are justified based on site infeasibility concerns.  See U.S. v. AMC Entm't, Inc., 245 F.
8  Supp. 2d 1094, 1100 (C.D. Cal. 2003) (rejecting "small deviation [from the ADAAG]" defense
9  absent evidentiary showing).  In contrast, Plaintiffs have presented evidence suggesting a
10 pattern and practice of constructing curb ramps that are non-compliant in that they far exceed
11 the permissible slope under the ADAAG standards.  See Pls.' Reply at 5.  Moreover,
12 Defendants' argument ignores that "minor" deviations from the ADAAG do not insulate them
13 from liability unless the infeasibility exception applies.  See Ability Ctr. of Greater Toledo v.
14 City of Sandusky, 133 F. Supp. 2d 589, 592 (N.D. Ohio 2001) (finding that "[t]here are no
15 exceptions allowed to [ADAAG] requirements"); see also Long v. Coast Resorts, Inc., 267
16 F.3d 918, 923 (9th Cir. 2001) (strict compliance with ADAAG required where there was no
17 showing that it was "structurally impracticable" to make facility "readily accessible" to
18 disabled persons) (citing 42 U.S.C. § 12183(a)(1)).
19     In sum, the Court concludes that Defendants have a legal duty to upgrade non-
20 compliant curb ramps when altering an adjacent roadway.
21     IT IS SO ORDERED.
22 Dated: September 14, 2009

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge