UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("CALTRANS") and WILL KEMPTON, in his official capacity,<br><br>Defendants. | Case No:  C 06-5125 SBA<br><br>**ORDER DENYING DEFENDANTS' PRE-TRIAL MOTION RE: PLAINTIFFS' DEMAND FOR TEMPORARY ROUTES NOT LEGALLY REQUIRED OR WARRANTED**<br><br>Docket 404 |

This is a certified class action brought by persons with mobility and vision impairments who allege that they have been denied access to sidewalks, cross-walks, pedestrian underpasses and other public rights of way in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. This Court previously ruled in favor of Plaintiffs on their summary judgment motion and concluded that "to the extent that Defendants elect to provide temporary routes for the use of the public, Defendants have a duty to make such routes accessible." Docket 292 at 1:21-2:5. At the pretrial conference held on September 1, 2009, Plaintiffs confirmed that the relief that they seek regarding temporary pedestrian routes is the modification of Design Information Bulletin (DIB) 82-03. The details

of Plaintiffs' proposed remedy is set forth in Exhibit 28 to the report of their expert, Peter Margen.[1]

In their motion, Defendants argue that they are under no legal obligation to make temporary pedestrian facilities accessible. Defs.' Mot. at 4-5. The Court has already considered and rejected that argument. See Docket 292. To the extent that Defendants seek reconsideration of that ruling, they have failed to comply with the procedural requirements for seeking such relief. See Civ. L.R. 7-9(a) (requiring leave of court to file a motion for reconsideration). Indeed, Defendants' repetition of its earlier argument is sanctionable. Id. 7-9(c).

Defendants next argue that they have no legal obligation to utilize any particular remedial measure to ensure the accessibility of temporary routes. Defs.' Mot. at 5-6. Though not entirely clear, implicit in Defendants' argument is the notion that the Court has no discretion to order any particular injunctive relief to remedy non-compliance with the ADA. Not only is Defendants' argument unsupported by any legal authority, it ignores the remedial nature of the ADA and the broad equitable powers available to the Court to fashion an appropriate remedy. See Disability Advocates, Inc. v. Paterson, 2009 WL 2872833 at *86 (E.D.N.Y. Sept. 8, 2009) ("'the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.'"). To that end, the Ninth Circuit has held that under the ADA, "[s]ystem-wide relief is required if the injury is the result of violations of a statute or the constitution that are attributable to policies or practices pervading the whole system … or if the unlawful policies or practices affect such a broad range of plaintiffs that an overhaul of the system is the only feasible manner in which to address the class's injury." Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001).

---

[1] At the pretrial conference, Plaintiffs' counsel indicated that Exhibit 27 embodied the relief that Plaintiffs are seeking. However, in their opposition to the instant motion, Docket 409 n.1, Plaintiffs now state that they meant to refer to Exhibit 28, which are PG&E's guidelines for temporary access for pedestrians. The Court is troubled by Plaintiffs' counsel's lack of precision regarding the relief being sought in this case, and admonishes Plaintiffs—as well as Defendants—to present their respective cases at trial in a manner that demonstrates their familiarity with their respective cases and will avoid such errors.

1  Finally, Defendants argue that no injunctive relief is required because the California Manual on Traffic Control Devices (MUTCD) already provides sufficient guidance to ensure access to temporary routes.  Defs.' Mot. at 6-7.  However, whether the MUTCD is sufficient to ensure such access is disputed and is an issue to be resolved at trial.  As this Court noted in its recent order denying Defendants' motion for summary judgment, "That the procedures exist on paper is insufficient to establish, as a matter of law, that they ensure compliance with federal accessibility laws, particularly in the face of Plaintiffs' evidence of numerous access barriers in the built environment."  Docket 357 at 11.

In conclusion, the Court finds that Defendants' contention that it has no legal obligation to ensure the accessibility of temporary routes is without merit.  As the Court found in its prior summary judgment ruling, "to the extent that Defendants elect to provide temporary routes for the use of the public, Defendants have a duty to make such routes accessible."  Docket 292 at 2.  Nor does the Court find that the relief proposed by Plaintiffs is legally unavailable.  Whether the particular relief requested by Plaintiffs will be issued by the Court is, of course, dependent upon Plaintiffs' demonstration at trial that Defendants have violated the ADA, and that their proposed remedy is appropriately tailored to address that violation.  See Stormans, Inc. v. Selecky, 571 F.3d 960, 990 (9th Cir. 2009) ("'Injunctive relief ... must be tailored to remedy the specific harm alleged.'") (citation omitted); United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 175 (9th Cir. 1987) ("The essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case.").  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Pre-Trial Motion Re: Plaintiffs' Demand for Temporary Routes Not Legally Required or Warranted is DENIED.

IT IS SO ORDERED.

Dated: September 14, 2009

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge