UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("CALTRANS") and WILL KEMPTON, in his official capacity,<br><br>Defendants. | Case No: C 06-5125 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION ON PLAINTIFFS' LEGAL CLAIMS TO SURVEY FACILITIES**<br><br>Docket 405 |

## I. INTRODUCTION

This is a certified class action brought by persons with mobility and vision impairments who allege that they have been denied access to sidewalks, cross-walks, pedestrian underpasses and other public rights of way in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. According to Defendants, among the relief being sought by Plaintiffs is that Caltrans conduct a survey of its facilities to determine whether they are ADA-compliant. At the September 1, 2009, pretrial conference, Defendants argued that such relief is legally unavailable, and that this particular matter could be resolved by way of motion practice. See 9/1/09 Reporter's Transcript (RT) 42:25-43:7. Based on that representation, the Court granted Defendants leave to file a motion to present legal authority on this specific issue, and permitted Plaintiffs to file a response.

Although the instant motion was to focus solely on the discrete issue of surveys, Defendants have instead used their motion as an opportunity to challenge the substantive merit of all of Plaintiffs' claims, revisit previously-resolved issues and repeat their complaints about Plaintiffs' alleged discovery misconduct that were discussed at the pretrial conference. The Court did not authorize briefing on those matters, nor did Defendants seek leave of Court to address them. Therefore, the only issue properly before the Court in this motion and which the Court will consider is the question of whether a requirement that Defendants survey their facilities to ensure compliance with federal disabilities laws is an available remedy. All other matters raised in Defendants' motion are stricken and will not be considered.

## II. DISCUSSION

Defendants first contend that there is "no mention" of any survey requirement in the ADA regulations. Defs.' Mot. at 6. That argument misses the point. Plaintiffs are not claiming that Defendants are in violation of the ADA by having failed to conduct a survey. Rather, the issue is whether the Court may impose a requirement that Defendants survey certain of their facilities in the event the Court finds that they have employed a policy and/or practice that violates the ADA.[1]

Defendants next argue that the Court has no power to impose statewide relief in response to "limited examples of discrimination," and that the "only" locations at issue are the 41 sites disclosed by Plaintiffs' expert, Peter Margen. Defs.' Mot. at 8:25-9:2. In support of their argument, Defendants cite Horn v. Flores, 129 S.Ct. 2579 (2009) where English Language-Learner (ELL) students in the Nogales Valley School District (Nogales) and their parents filed a class action lawsuit, alleging that the State of Arizona was violating the Equal

---

[1] Defendants' recitation of what they purportedly will be ordered to survey is inaccurate. For example, Defendants complain in their motion that "Plaintiffs are demanding that this Court order Caltrans to survey all highway shoulders throughout the state to determine if they are used by pedestrians…." Defs.' Mot. at 10. Yet, at the pretrial conference, Plaintiffs clearly stated that they were not seeking such relief and that the only change they are requesting is a modification of Caltrans' policy in DIB 82-03. RT 94:8-9, 22-23. Defendants then acknowledged this clarification and expressed "that's a relief for us." RT 94:19. Nevertheless, Defendants devote an entire section of their motion to an issue that they understood has already been resolved. See Defs.' Mot. at 10:14-12:9.

Educational Opportunities Act (EEOA) by failing to take appropriate action to overcome language barriers.  The district court granted declaratory relief in favor of the plaintiffs and issued a series of injunctions extending relief on a statewide basis.  The Supreme Court held that it was error for the district court to issue a statewide injunction because there was no evidence or findings made that any school district other than Nogales had failed to comply with the EEOA.  Id. at 2606.

Unlike Horn, Plaintiffs are not alleging that Defendants violated the ADA with respect to pedestrian facilities in a localized geographical area.  Rather, as the Court has recognized in its prior orders, Plaintiffs are alleging that Defendants violated the ADA by employing policies and engaging in a practice that fails to ensure that sidewalks, cross-walks and similar pedestrian facilities are accessible to individuals with vision and mobility impairments.  The 41 sites studied by Plaintiffs' expert are offered not only to exemplify the shortcomings of Defendants' practices, but also to provide statistical support for Plaintiffs' claim of systemic violations of the ADA.  See Pls.' Opp'n at 5-6.  To the extent that Plaintiffs are able to prove their case, Ninth Circuit law supports the conclusion that this Court has the power to provide relief on a system-wide basis.  See Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001) ("[s]ystem-wide relief is required if the injury is the result of violations of a statute or the constitution that are attributable to policies or practices pervading the whole system … or if the unlawful policies or practices affect such a broad range of plaintiffs that an overhaul of the system is the only feasible manner in which to address the class's injury.").

In sum, Defendants have failed to persuade the Court that a remedy that includes a requirement that they survey certain of their facilities to ensure compliance with the ADA is legally unavailable.  Ultimately, whether such relief is appropriate will be dependent upon the nature and scope of the ADA violation, if proven.  See Stormans, Inc. v. Selecky, 571 F.3d 960, 990 (9th Cir. 2009) ("'Injunctive relief ... must be tailored to remedy the specific harm alleged.'") (citation omitted); United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 175 (9th Cir. 1987) ("The essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case.").

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion on Plaintiffs' Legal Claims to Survey Facilities is DENIED.

IT IS SO ORDERED.

Dated: September 14, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge