UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("CALTRANS") and WILL KEMPTON, in his official capacity,<br><br>Defendants. | Case No: C 06-5125 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE IN SUPPORT OF UNDUE BURDEN DEFENSE** |

This is a certified class action brought by persons with mobility and vision impairments who allege that they have been denied access to sidewalks, cross-walks, pedestrian underpasses and other public rights of way in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. Plaintiffs have filed a motion in limine to preclude Defendants from presenting evidence in support of an undue burden defense. This defense is set forth in 28 C.F.R. § 35.150(a)(3), which states:

> **§ 35.150 Existing facilities.**
>
> (a) General. A public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. This paragraph does not—
>
> \*     \*     \*
>
> (3) Require a public entity to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens. <u>In those circumstances where personnel of the public entity believe that the proposed action would fundamentally alter the service, program, or activity or would result in undue financial and administrative burdens, a public</u>

> entity has the burden of proving that compliance with §35.150(a) of this part would result in such alteration or burdens. The decision that compliance would result in such alteration or burdens must be made by the head of a public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion. If an action would result in such an alteration or such burdens, a public entity shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that individuals with disabilities receive the benefits or services provided by the public entity.

28 C.F.R. § 35.150(a)(3) (emphasis added). At the pretrial conference, Plaintiffs initially withdrew this motion because the dismissal of the program access claims rendered the issue of undue burden moot. Defendants nonetheless took the position that the undue burden defense is not limited to existing facilities, but is applicable to claims based on new construction and alterations, as well.

The means of implementing the ADA are set forth in regulations promulgated by the Attorney General. Kinney v. Yerusalim, 9 F.3d 1067, 1071 (3rd Cir. 1993). These regulations distinguish between "existing facilities," (i.e., facilities constructed prior to January 26, 1992), which are covered by 28 U.S.C. § 35.150, and "new construction and alterations" (i.e., facilities constructed or altered after January 26, 1992), which are covered by 28 U.S.C. § 35.151. See Pierce v. County of Orange, 526 F.3d 1190, 1216 (9th Cir. 2008). "With limited exceptions, the regulations do not require public entities to retrofit existing facilities immediately and completely. Rather, a flexible concept is employed, and entities are generally excused from making fundamental alterations to existing programs bearing undue financial burdens." Kinney, 9 F.3d at 1071 (citing 35 U.S.C. § 35.150(a) & (b)).

In contrast, the level of flexibility afforded to existing facilities is unavailable in the case of new construction and alterations, which are subject to "substantially more stringent" requirements. Id.[1] Because of this clear distinction, the undue burden defense set forth in section 35.150 is inapplicable to new construction or alterations, which are governed by section 35.151—which

---

[1] New construction "shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities…." 35 U.S.C. § 35.151(a). Alterations are subject to the same requirement "to the maximum extent feasible[.]" Id. § 35.151(b).

1  contains no such defense.  See Kinney, 9 F.3d at 1075 (holding that once a facility is altered, it no
2  longer is an "existing facility," thus rendering the undue defense unavailable); Anderson v.
3  Pennsylvania Dept. of Public Welfare, 1 F. Supp. 2d 456, 464 (E.D. Pa. 1998) ("the provisions
4  applicable to new construction and alterations do not provide an undue burden defense"); c.f.,
5  Pierce, 526 F.3d at 1216 (recognizing that 35 U.S.C. § 35.150 applies to existing construction
6  only).  For these reasons, the Court concludes that the undue burden defense is no longer germane
7  in light of the dismissal of Plaintiffs' program access claims.  Accordingly,

8      IT IS HEREBY ORDERED THAT Plaintiffs' motion in limine to exclude testimony
9  and evidence in support of an undue burden defense is GRANTED.

10     IT IS SO ORDERED.

11 Dated:  September 14, 2009

                                        *Saundra B. Armstrong*
                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge