UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ('CDR'), CALIFORNIA COUNCIL OF THE BLIND ('CCB'), BEN ROCKWELL, AND DMITRI BELSER, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ('CALTRANS') and WILL KEMPTON, in his official capacity,<br><br>Defendants. | Case No:  C 06-5125 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>Docket 414, 415 |

At the pretrial conference held on September 1, 2009, Defendants requested leave of Court to file dispositive motions as to certain claims that they argued could be resolved as a matter of law. The Court authorized Defendants to file briefs specifically on the issues of curb ramps, surveys and temporary routes. The Court also authorized Plaintiffs to file a supplemental memorandum addressing the statute of limitations issue presented in Defendants' motion in limine no. 8, and directed Defendants to file a reply thereto. The Court did not authorize any additional motions.

Without leave of Court, Defendants included amongst its voluminous filings the instant motion to strike the declaration of Peter Margen. Plaintiffs submitted his declaration in support of their response to Defendants' brief regarding injunctive relief. Docket 414. The crux of Defendants' motion is that Mr. Margen's declaration includes allegedly new arguments and evidence regarding sites disclosed by him after the close of fact discovery. Plaintiffs have requested leave to file a response to Defendants' motion to strike. Docket 415.

The bulk of Defendants' motion to strike is devoted to their complaint—which was discussed at length at the pretrial conference—that the sites referenced by Mr. Margen in his expert report were disclosed after the close of fact discovery.[1]  The Court is unpersuaded.  Though the sites at issue were disclosed a few weeks after the discovery cut-off, Defendants have had several months to inspect the sites listed in Mr. Margen's report in order to assess the validity of his opinions, irrespective of the discovery cut-off.  In addition, Plaintiffs offered to make Mr. Margen and themselves available for deposition, but such offer was declined.[2]  Given these circumstances, Defendants cannot legitimately claim surprise or lack of notice with regard to the locations in dispute.  However, to the extent that Plaintiffs attempt to elicit or Mr. Margen attempts to offer testimony at trial beyond the scope of his expert report, Defendants may raise an objection, if warranted, at that time.  Accordingly,

IT IS HEREBY ORDERED THAT Defendants' unauthorized motion to strike is DENIED. Plaintiffs' motion for leave to file a response to the motion to strike is DENIED as moot.  This order terminates Docket Nos. 414 and 415. The parties shall refrain from further unauthorized filings.

IT IS SO ORDERED.

Dated:  September 15, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Mr. Margen's report is dated May 18, 2009, which is after the discovery cut-off date of April 29, 2009.

[2] On June 11, 2009, the Court approved the parties' stipulation to extend the expert discovery cut-off as to specified experts.  Docket 330.  Defendants, however, did not seek leave to extend the discovery cut-off date to obtain additional discovery from Mr. Margen or relating to his expert report.