1

2               UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                      OAKLAND DIVISION

5

6   CALIFORNIANS FOR DISABILITY          Case No:  C 06-5125 SBA
    RIGHTS, INC. ("CDR"), CALIFORNIA
7   COUNCIL OF THE BLIND ("CCB"), BEN    **ORDER RE DISMISSAL OF**
    ROCKWELL, AND DMITRI BELSER, on      **COMPLAINT SYSTEM CLAIM**
8   behalf of all others similarly situated,

9              Plaintiffs,

10        vs.

11  CALIFORNIA DEPARTMENT OF
    TRANSPORTATION ("CALTRANS") and
12  WILL KEMPTON, in his official capacity,

13             Defendants.

14

15       One of Plaintiffs' claims in this action is that Defendants have failed to provide for a

16  meaningful complaint process which would allow the public to notify them of access issues

17  with respect to sidewalks, walkways and other pedestrian facilities.  On September 16, 2009,

18  prior to the commencement of trial, Plaintiffs indicated their willingness to dismiss this claim,

19  and to instead pursue it in their pending state court action, in which they are litigating their

20  program access claims (i.e., claims based on existing construction).  According to Plaintiffs,

21  their state law causes of action are sufficiently broad to encompass their complaint process

22  claim as to both existing construction as well as new construction and alterations.

23       The Court is persuaded that issues concerning Defendants' complaint system should be

24  resolved in a single forum.  While different access standards apply to existing facilities as

25  compared to new construction and alterations, the injury resulting from a barrier is

26  fundamentally the same:  lack of access.  To the extent that Defendants are found to have a

27  legal obligation to provide for an effective complaint process, that obligation and

28  corresponding remedy should take into account both types of facilities.  Given that the parties

do not dispute that their program access claims also include their concerns regarding the complaint process, the interests of judicial economy and consistency favor permitting Plaintiff to litigate such claim in that forum.  Thus, the Court will allow Plaintiffs to dismiss their complaint process claim in accordance with Federal Rule of Civil Procedure 15(a).  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005) (Rule 15(a) governs dismissals of individual claims).  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' complaint process claim is DISMISSED without prejudice to pursuing such claim in their pending state court action.[1]

IT IS SO ORDERED.

Dated:  September 18, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The instant dismissal forecloses Plaintiffs from further litigating their complaint process claim in *this* forum.  Said dismissal is not an adjudication on the merits and does not foreclose Plaintiffs from pursuing said claim in state court under either state and/or federal law.