1  LAURENCE PARADIS (STATE BAR NO. 122336)
   MARY-LEE E. KIMBER SMITH (STATE BAR NO. 239086)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center St., Third Floor
3  Berkeley, CA 94704
   Telephone:    (510) 665-8644
4  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
5  Email:        general@dralegal.org

6  DANIEL B. KOHRMAN (DC BAR NO. 394064)
   JULIE NEPVEU (DC BAR NO. 458305)
7  AARP FOUNDATION LITIGATION
   601 E Street, NW
8  Washington, DC 20049
   Telephone:    (202) 434-2060
9  Facsimile:    (202) 434-6424
   Cell:         (202) 316-1991
10 Email:        dkohrman@aarp.org
                 jnepveu@aarp.org
11
   JOSÉ R. ALLEN (STATE BAR NO. 122742)
12 Pro Bono Counsel
   Four Embarcadero Center, Suite 3800
13 San Francisco, CA 94111
   Telephone:    (415) 984-6400
14 Facsimile:    (415) 984-2698

15 Attorneys for Plaintiffs

16              **UNITED STATES DISTRICT COURT**

17           **NORTHERN DISTRICT OF CALIFORNIA**

18

19 CALIFORNIANS FOR DISABILITY            Case No.  C-06-5125 SBA
   RIGHTS, INC. ("CDR"), CALIFORNIA
20 COUNCIL OF THE BLIND ("CCB"),
   BEN ROCKWELL and DMITRI              **REPLY DECLARATION OF RONALD**
21 BELSER, on behalf of themselves, and on **ELSBERRY IN SUPPORT OF**
   behalf of all others similarly situated,  **PLAINTIFFS' MOTION FOR**
22                                         **REASONABLE ATTORNEYS' FEES**
   Plaintiffs,                           **AND COSTS**
23
   v.
24
                                           Date:  May 13, 2010
25 CALIFORNIA DEPARTMENT OF                Time:  10:00 a.m.
   TRANSPORTATION ("Caltrans") and WILL   Judge: Hon. Maria-Elena James
26 KEMPTON, in his official capacity.

27 Defendants.

28

I, RONALD ELSBERRY, declare:

1.      I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify as to those facts.

2.      I am an attorney at law, duly licensed to practice law in California and in this Court.

3.      Defendants filed their opposition to Plaintiffs' motion for fees and costs on April 21, 2010.  Docket No. 492.

4.      In support of their opposition, Defendants also filed the Declaration of Gregory Hurley, which included numerous exhibits filed as four separate documents.  Docket Nos. 493, 493-1, 493-2, 493-3, and 493-4.  According to the ECF notice of the filing of these documents, they were received after midnight (i.e., on April 22, 2010), but filed on April 21, 2010.  A true and correct copy of this ECF notice is attached hereto as **Exhibit A**.

5.      On April 22, the Court filed the following docket entry:  "Deadlines terminated re Response Deadline re [460] Motion for Attorney Fees and Costs."  A true and correct copy of the ECF notice of this entry is attached hereto as **Exhibit B**.

6.      In reviewing Defendants' opposition and the supporting documents filed therewith, on April 26, 2010, I first noticed that Mr. Hurley's declaration referred to two exhibits that had not been filed on April 21 with the documents referenced in paragraph 4 above.  Those exhibits are Exhibits P and Q, which are referenced in paragraph 53 of Mr. Hurley's declaration.  According to paragraph 53, Exhibit P is "a true and correct copy of a chart prepared by [Mr. Hurley's] office under [his] supervision for DRA," reflecting deductions that Defendants request that the Court make from DRA's requested fees.  Purported grounds for such deductions are set forth in paragraphs 50 through 53 of Mr. Hurley's declaration.  Exhibit Q is described as a similar chart for deductions Defendants request that the Court make from fees requested for Skadden, Arps.  Exhibit N, which was filed on April 21, is a similar chart for Class Counsel AARP.

7.      On April 26, 2010, upon noticing the absence of Exhibits P and Q from Defendants' filing, I emailed Mr. Hurley and his associate, Alana Cho, requesting information

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125 SBA
**Reply Declaration of Ronald Elsberry ISO Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs**

1

1    about these missing exhibits. I stated in part: "If you did intend to file additional exhibits, or if

2    we have missed something that was filed, please let us know immediately." A true and correct

3    copy of this email is attached hereto as **Exhibit C**.

4          8.     Defense counsel did not respond to this email or otherwise communicate with

5    Plaintiffs' counsel regarding these missing exhibits.

6          9.     Instead, on April 28, 2010 – one day before Plaintiffs' reply in support of their fee

7    motion was due – Defendants filed a "Notice of Errata Re Defendants' Opposition to Plaintiffs'

8    Motion for Reasonable Attorneys' Fees and Costs – Exhibits P and Q to Declaration of Gregory

9    F. Hurley." Docket No. 494. I have reviewed this document, and it provides no excuse or

10   explanation regarding this errata or why Exhibits P and Q were not timely filed with Defendants'

11   opposition.

12        10.    Along with the foregoing Notice of Errata filed as Docket No. 494, on April 28,

13   2010, Defendants for the first time filed Exhibits P and Q. Exhibit P constitutes 482 pages of

14   charts identifying deductions Defendants request from fees sought by Plaintiffs' counsel DRA.

15   Docket No. 494-1. Exhibit Q constitutes 48 pages of charts identifying deductions Defendant

16   request from fees sought by Plaintiffs' counsel Skadden, Arps. Docket No. 494-2.

17        11.    Because Defendants did not file Exhibits P and Q until the day before Plaintiffs'

18   reply was due, I lacked sufficient time to review and respond to the many hundreds of deductions

19   Defendants request from fees claimed by Plaintiffs. My cursory review of some of the purported

20   deductions revealed that many were unsupported and/or based upon inaccurate information. For

21   example, the first two entries on the page identified as "Exhibit P Page 137" identify the reason

22   for the deductions as a "Billing Mistake." According to these entries, Defendants imply that Ms.

23   Kimber billed on August 21, 2008 for a venue hearing that had occurred the month before. The

24   chart prepared by Defendants states that the "venue hearing was on 7/31/2008." However, there

25   were two venue hearings in the state action: one on July 31, 2008 and another on August 21,

26   2008. Attached hereto as **Exhibit D** is a true and correct copy of the order in the state action

27   following the second venue hearing on August 21, 2008, which these time entries accurately

28   reflect.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation*, **Case No.: C 06 5125 SBA**
**Reply Declaration of Ronald Elsberry ISO Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs**

2

1

2      I declare under penalty of perjury under the laws of the United States that the foregoing is

3  true and correct to the best of my knowledge.

4

5      Executed on April 29, 2010, in Berkeley, California.

6

7

8                               Ronald Elsberry

9

10

11

12

13

14

15

16

17

18

19

20

21  \\Server\Cases\CDR.Caltrans\Fees_Costs\Motion\Reply\Declarations\ElsberryReplyDecl_Final.doc

22

23

24

25

26

27

28

---

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125 SBA**
**Reply Declaration of Ronald Elsberry ISO Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs**

3