LAURENCE PARADIS (STATE BAR NO. 122336)
MARY-LEE KIMBER SMITH (STATE BAR NO. 239086)
DISABILITY RIGHTS ADVOCATES
2001 Center St., Third Floor
Berkeley, CA 94704
Telephone:  (510) 665-8644
Facsimile:   (510) 665-8511
TTY:          (510) 665-8716
Email:        general@dralegal.org

DANIEL B. KOHRMAN (DC BAR NO. 394064)
JULIE NEPVEU (DC BAR NO. 458305)
AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, DC 20049
Telephone:  (202) 434-2060
Facsimile:   (202) 434-6424
Cell:            (202) 316-1991
Email:        dkohrman@aarp.org
                 jnepveu@aarp.org

JOSÉ R. ALLEN (STATE BAR NO. 122742)
Pro Bono Counsel
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL and DMITRI BELSER, on behalf of themselves, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("Caltrans") and WILL KEMPTON, in his official capacity.<br><br>Defendants. | Case No. C-06-5125 SBA (MEJ)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>Date: May 13, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Maria-Elena James |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 2

    A. As Before, This Court Should Summarily Overrule Defendants' Boilerplate Objections Because They Are Unduly Vague and Procedurally Defective. .......... 2

    B. The Court Should Overrule Defendants' Objections that Lack Individualized Analysis.......................................................................................................... 4

        1. Defendants Assert Inapposite and Nonsensical Objections........................ 4

        2. Defendants Present Conclusory and Inadequate Objections. ..................... 7

    C. The Court Should Overrule Defendants' Objections That Confuse the Relevancy of Testimony With the Weight It Should Be Accorded.......................................... 8

    D. The Court Should Overrule Objection No. 7 to Mr. Pearl's Declaration As Procedurally Improper. ..................................................................................... 11

    E. The Court Should Overrule All Defendants' Objections That Are Overbroad. ... 12

III. CONCLUSION..................................................................................................... 14

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF AUTHORITIES

**Cases**

*Alexis v. McDonald's Restaurants*,
67 F.3d 341 (1st Cir. 1995) .................................................................................................. 8

*B-K Lighting, Inc. v. Vision3 Lighting*,
No. CV 06-02825 MMM, 2009 WL 3838264 (C.D. Cal. Nov. 16, 2009) ................................... 11

*Dukes v. Wal-Mart, Inc.*,
222 F.R.D. 189 (N.D. Cal. 2004) ............................................................................................ 3

*Lopez v. Unified School District*,
385 F.Supp. 2d 981 (N.D. Cal 2005) ...................................................................................... 9

*National Federation of the Blind v. Target Corp.*,
No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 03, 2009) ......................................... 9

*United States v. Diaz*,
878 F.2d 608 (2d Cir., 1989) ................................................................................................ 10

**Treatises**

1 McCormick on Evidence § 185 (Kenneth S. Broun ed., 6th ed. 2006) ..................................... 10

Charles Allen Wright and Kenneth W. Graham, Jr.,
22 Federal Practice & Procedure: Evidence § 5165 (1st ed. 1978) .............................................. 8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

## I. INTRODUCTION

In support of their pending Motion for Reasonable Attorneys' Fees and Costs, Plaintiffs submitted 10 declarations from the named plaintiffs, class counsel and several other attorneys who work in the San Francisco Bay Area. Defendants, in turn, filed 161 evidentiary objections to portions of 9 of these declarations and have also moved to strike those portions of testimony. However, Defendants' evidentiary objections lack merit and are, at best, boilerplate. Indeed 104 of Defendants' 161 objections provide only a boilerplate string cite to several Federal Rules of Evidence and provide absolutely no explanation or discussion of why the testimony in question is objectionable, let alone why the Court should take the extreme step of striking such testimony from the record. The remaining objections also lack individualized analysis resulting in objections that are nonsensical, inadequate and lacking in merit.

Unfortunately, Defendants' tactic is not new. In conjunction with their opposition to Plaintiffs' motion for class certification, Defendants filed 121 similar evidentiary objections to the declarations that Plaintiffs had filed in support of their motion. In her order granting class certification, Judge Armstrong observed:

> Defendants have submitted evidentiary objections to virtually every declaration offered by plaintiffs in support of their motions; in total, defendants have submitted 121 evidentiary objections. However, as plaintiffs correctly note, these objections are simply boilerplate, and include absolutely no explanation as to why the testimony in question is objectionable. The summary, vague nature of the objections is grounds alone for the court to deny them. *See Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189 (N.D. Cal. 2004) ("As Plaintiffs correctly object, Defendants' attempt to assert these objections without providing any individualized discussion is procedurally defective. These objections therefore merit summary denial on the ground that they are unduly vague. Indeed, Defendant's grossly overboard approach is more suggestive of an intent to harass than a good faith effort to address genuine objections.") Defendants respond, with a certain amount of *chuztpa*, that, despite the fact that they did not bother to provide the Court with any explanation in support of their objections, they nevertheless "respectfully request the Court review and rule on each and every one of Defendants' evidentiary objections." *See* Docket No. 179 at 3. The Court declines the defendants' invitation to analyze these objections that defendants did not themselves bother to analyze, and the objections are overruled on those grounds alone.

*See* Docket No. 207 at 25:22-26:10.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS'
MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

1

1   Thus chastised yet undeterred, and with even more *chuztpa*, Defendants nonetheless raise
2   these 161 similar evidentiary objections to the declarations submitted by Plaintiffs, the majority
3   of which are mere string cites to the Federal Rules of Evidence. As the Court did in its prior
4   order, it should again disregard all such objections.

5   Moreover, even those objections offering more than a string cite should be overruled.
6   Some of these objections are nonsensical, seeking to strike testimony that is completely unrelated
7   to the objection, while others offer only one conclusory sentence which inadequately explains
8   why one (let alone all) of the Federal Rules of Evidence cited should apply. Defendants'
9   evidentiary objections also routinely rely on case analysis cut and pasted from their opposition
10  brief which addresses the weight and not the relevance of the evidence. All Defendants'
11  objections are, at the very least, overbroad. Ultimately, the testimony to which Defendants
12  object is by and large the type of testimony that parties routinely offer, and on which Courts
13  routinely rely in deciding a fee motion. Defendants know this but nonetheless submit 161
14  objections, distracting the Court and Class Counsel from what is really at issue: the
15  reasonableness of class counsel's attorneys' fees and costs.

16  Given the nature and the number of Defendants' objections, Plaintiffs do not address
17  separately each of the 161 evidentiary objections but rather have attempted herein to address
18  Defendants' objections by category, using exemplars of the objections to demonstrate why the
19  objections should be overruled.

20  **II.   ARGUMENT**

21  **A.   <u>As Before, This Court Should Summarily Overrule Defendants' Boilerplate Objections Because They Are Unduly Vague and Procedurally Defective.</u>**
22  
23  Of the 161 evidentiary objections filed, 104 objections follow same boilerplate approach:
24  Defendants quote a portion of the relevant declaration and then, under a heading titled "Grounds
25  for Objections," Defendants provide nothing more than a string cite of Federal Rules of
26  Evidence. Defendants do not discuss any of the objections individually, or otherwise provide
27  any discussion or analysis about why the testimony in question suffers from the evidentiary flaws
28  asserted. This approach is used in all nine sets of the objections filed. For instance, in objecting

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS'**
**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

2

to one portion of named plaintiff Ben Rockwell's declaration, the entirety of Defendants' objection is as follows:

> Improper Legal Conclusion/Opinion (Fed. R. Evid. 701); Improper Expert Opinion (Fed. R. Evid. 702); Lack of Foundation/Personal Knowledge (Fed. R. Evid. 602); Lack of Relevance (Fed. R. Evid. 401& 402) Exclusion of Evidence for Prejudice, Confusion or Waste of Time (Fed. R. Evid. 403).

Objection No. 1, Rockwell Declaration (Docket No. 492-3). Completely absent is any argument in support of any of these boilerplate objections. There is no discussion about why the Federal Rules of Evidence should apply to the quoted testimony, including to what portion of the quoted testimony they should apply.

Without explanation, any response to these objections by Plaintiffs would be based purely on conjecture as to what Defendants may or may not find objectionable. The Court should not require such conjecture or response. Indeed in a highly analogous situation, defendants in *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189 (N.D. Cal. 2004), also filed hundreds of evidentiary objections, none of which provided discussion or analysis as to any of the objections. The *Dukes* Court held that "it is not the Court's role to divine Defendant's arguments." *Id*. Nor in the instant case should it be Plaintiffs' role.

Ultimately, the *Dukes* Court rejected defendant Wal-Mart's approach, summarily denying all of their objections and finding that:

> Defendant's attempt to assert these objections without providing any individualized discussion is procedurally defective. The objections therefore merit summary denial on the ground that they are unduly vague.

*Id*. at 199. As in *Dukes*, Defendants' approach to evidentiary objections is, at best, "procedurally defective" and, at worst, "more suggestive of an intent to harass than a good faith effort to address genuine objections."[1] *Id*. at 199. Like the *Dukes* Court, this Court can and should find

---

[1] It is ironic that in a fee motion in which Defendants argue, among other things, that Plaintiffs have billed too many hours, Defendants then file 161 objections, the majority without any merit, to which Plaintiffs must bill further time in order to respond. Unfortunately, such tactics are not the exception but the rule (e.g., 121 evidentiary objections to class certification declarations (Docket No. 116 through 132)).

that Defendants' evidentiary objections are procedurally defective and unduly vague and should summarily deny Defendants' objections on that basis alone without further analysis.

**B. The Court Should Overrule Defendants' Objections that Lack Meaningful And Individualized Analysis.**

Defendants have evidently taken little time or care in asserting even those objections that do not simply string cite several Federal Rules of Evidence. If Defendants do offer additional explanation as to the objection, it is often either entirely inapplicable to the quoted testimony to the point of being nonsensical or is incomplete in so much as it addresses, in a highly conclusory manner, only one of the multiple Federal Rules of Evidence cited by Defendants.

**1. Defendants Assert Inapposite and Nonsensical Objections.**

Some of Defendants' objections truly appear to be the result of "a cut and paste" effort gone awry. Specifically, the quoted testimony from declarations that Defendants seek to strike is completely unrelated to the objection that follows. Below are some exemplars of this type of objection.

In Objection No. 11 to Mr. Alderman's declaration (Docket No. 492-11), Defendants quote and move to strike the following one sentence: "I know Mr. Paradis to be one of the foremost experts in the country in the area of disability rights." Defendants then object, in relevant part, that "… [Mr. Alderman's] statements lack foundation because he has not asserted that he has knowledge of any of Plaintiffs' attorneys' skills or experience (except for Mr. Paradis). He provides no foundation for his statements regarding AARP, as he does not provide testimony that he is familiar at all with this firm…" However, as is evident, Mr. Alderman does have foundation since Defendants concede that he does have knowledge of Mr. Paradis' skills and experience and Mr. Alderman makes no mention in the quoted testimony of AARP.

In Objection No. 5 to Mr. Schneider's declaration (Docket No. 492-10), Defendants quote and move to strike Mr. Schneider's statements about the rates that Mr. Wolinsky and Mr. Paradis are requesting. Defendants' objection again is completely inapposite. Defendants state, in relevant part: "Mr. Schneider's statements are irrelevant, confusing and a waste of time because in determining the appropriate fee award, courts do not consider conclusory statements

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

4

that other work was precluded." Defendants then cut and paste a legal analysis section from their opposition brief about precluded work. However, the quoted testimony that Defendants seek to strike makes absolutely no mention nor provides any discussion of precluded work. Defendants make the identical, word for word objection in Objection No. 6 but again, the quoted portion of Mr. Schneider's declaration that Defendants seek to be stricken does not concern precluded work.

In Objection No. 6 to Mr. Pearl's declaration (Docket No. 492-8), Defendants quote and move to strike the following: "I have been informed of the nature of this case, the hourly rates being requested by DRA and AARP for work on [the litigation] and the qualifications and experience of the billing personnel." Defendants object, citing to Federal Rule of Evidence 702 and case law standing for the proposition that "[t]estimony as to ultimate issues is not permitted when it consists of legal conclusions or opinions." Defendants then launch into a boilerplate case law analysis which they cut and paste repeatedly in these objections. Again, however, this objection has nothing to do with the quoted testimony of Mr. Pearl that Defendants seek to strike since Mr. Pearl is testifying to issues of which he has personal knowledge without offering opinion testimony.

*See also e.g.,* Objection No. 2 to Mr. Allen's declaration (Docket No. 492-5) (Defendants object to Mr. Allen's testimony about DRA resources where Mr. Allen offered no such testimony in the quoted testimony that Defendants seek to strike) and Objection No. 22 to Mr. Rosen's declaration (Docket No. 492-9) (Defendants object to cases cited in Exhibit 4 where Mr. Rosen's testimony never mentions Exhibit 4.)

Defendants also have a knee jerk cut and paste reaction for almost any of Plaintiffs' declarant testimony that references or discusses billing rates. This is because Defendants conflate billing rates that are requested and/or set by a firm with billing rates that are set by a court through a fee award. As such, when a declarant offers any testimony as to billing rates that are requested and/or set by a firm, Defendants invariably object on the basis that "there is no showing as to whether the rates were litigated/opposed" (and then promptly cut and paste the

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

5

1  section from their opposition brief that cites case law about unopposed fee motions). As will be
2  seen through the examples below, such objections are also inapposite and nonsensical.
3       In Objection No. 19 to Mr. Paradis' declaration, Defendants object to and move to strike
4  testimony that lists the DRA staff "who have participated at various time in the litigation along
5  with their requested hourly rates" because "there is no showing as to whether the rates were
6  litigated/opposed." The problem is that Mr. Paradis did not testify that the rates listed had been
7  awarded by a court in a fee motion, contested or uncontested, but rather that these were the rates
8  that DRA was *requesting in this fee motion*.
9       In Objection No. 15 to Mr. Rosen's declaration, Defendants object to and move to strike
10 the following testimony: "[m]y firm's billing rates are charged to and paid by our numerous
11 clients who pay by the hour…They are also the rates we claim in our fee applications in all of
12 our fee-shifting cases…" The basis for Defendants' objection is the same as above: "there is no
13 showing as to whether the rates were litigated/opposed." The problem is that Mr. Rosen's
14 testimony was not about the amount of the billing rates (i.e. there were no "rates identified") nor
15 did Mr. Rosen testify that his billing rates had been awarded by a court in a fee motion, contested
16 or uncontested, but rather that his firm's billing rates were paid by clients and used in fee
17 applications.
18      *See also e.g.,* Objection No. 8 to Mr. Alderman's declaration (Defendants object to Mr.
19 Alderman's testimony that his hourly rate in 2010 is $895 on the basis that the rates may have
20 been unopposed where Mr. Alderman makes no representation that such an amount was set
21 through a court fee award but instead states that this is the rate "charged to business clients in
22 2010" for the matters he handles at Orrick Herrington) and Objection No. 16 to Mr. Rosen
23 Declaration (Defendants object to Mr. Rosen's testimony that attaches the National Law
24 Journal's December 2009 survey as to law firm billing rates on the basis that unopposed fee
25 motion does not measure the reasonableness of rates where Mr. Rosen makes no representation
26 that the rates in the survey were set by any court and it is clear that the rates being surveyed are
27 those set by the private firms for work to fee paying clients.)
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

1   Clearly all of these "cut and paste" style objections are without merit and should be
2   overruled on the basis that they provide no meaningful or individualized analysis of the portion
3   of testimony at issue.

## 2.   Defendants Present Conclusory and Inadequate Objections.

In still other of their evidentiary objections, Defendants cite to several Federal Rules of Evidence as grounds for objection and then add one sentence at the end.  The added sentence, however, addresses only one of the many Federal Rules of Evidence cited and is itself conclusory.  Below are some examples of these types of objections.

In Objection No. 1 to Mr. Alderman's declaration, Defendants cite to seven Federal Rules of Evidence, without any further explanation, and then add one additional sentence which states "[t]estimony as to ultimate issues is not permitted when it consists of legal conclusions or opinions" and cites two cases.  There is no additional explanation of the case law cited and/or its application nor is there any further analysis as to any of the other Federal Rules of Evidence cited as grounds for objection.

In Objection No. 28 to Mr. Paradis' declaration, Defendants again list several Federal Rules of Evidence, without any further explanation, and then add one additional sentence which states "Exhibit I has no relevance to this fee dispute."  Again there is no additional explanation as to why Exhibit I is not relevant nor is there any further analysis as to any of the other Federal Rules of Evidence cited as grounds for objection.

In Objection No. 7 to Mr. Alderman's declaration, Defendants cite several of the Federal Rules of Evidence and add one additional sentence at the end stating "[a]wards in securities reform litigation are of little to no probative value to civil rights actions."  Yet again there is no additional explanation as to this statement or any of the other objections based on the Federal Rules of Evidence cited.

In Objection No. 5 to Mr. Thom's declaration (Docket No. 492-6), Defendants as usual cite several Federal Rules of Evidence and then state that "Mr. Thom has no basis to conclude that "efforts of the attorneys representing CCB and the class in prosecuting and settling this litigation have resulted in important and significant benefits to all class members."  As a

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS'
MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

7

1  preliminary matter, such a conclusory statement makes it impossible to ascertain whether
2  Defendants object to Mr. Thom's testimony about the "efforts of the attorneys" or the "benefits
3  to the class" since he offers both.  Moreover, Defendants provide no possible reason why Mr.
4  Thom, who speaks on behalf of the organizational plaintiff CCB, would not have a basis to draw
5  conclusions about the litigation.[2]  Mr. Thom sets forth in his declaration the basis for his
6  assertion regarding the benefits of the settlement. *See also* Objection No. 12 to Mr. Rockwell's
7  declaration (same objection and testimony).

8  These types of objections should be overruled because mere reference to certain of the
9  Federal Rules of Evidence is insufficient and adding one conclusory sentence about one of the
10 Federal Rules of Evidence that is cited is inadequate to be considered any sort of meaningful or
11 individualized analysis of the testimony at issue.

**C.   The Court Should Overrule Defendants' Objections That Confuse the Relevancy of Testimony With the Weight It Should Be Accorded.**

Even if a court believes the evidence is insufficient to prove the ultimate point for which it is offered, this does not make the evidence irrelevant as long at the evidence has some probative value. *See* Charles Allen Wright and Kenneth W. Graham, Jr., 22 Federal Practice & Procedure: Evidence § 5165 (1st ed. 1978)  Defendants' relevancy objections to testimony concerning unopposed fee motions, preclusion of employment and nation-wide surveys ignore this fundamental tenet and thus, should be overruled.  In part, Defendants' evidentiary objections fall prey to focusing on the weight and not the relevancy of the testimony because Defendants routinely use portions of their opposition brief in their evidentiary objections to object to the relevance of certain testimony.  However, the proper place for such arguments as to the weight and sufficiency of evidence is in the parties' briefing, not in evidentiary objections. Accordingly, these such objections should be overruled.

---

[2] In any event, such testimony should be allowed as lay opinion testimony since it is an opinion that is rationally based on Mr. Thom's personal knowledge of his attorneys and the settlement. *See Alexis v. McDonald's Restaurants*, 67 F.3d 341 (1st Cir. 1995) (finding that firsthand knowledge may be summarized in the form of an opinion).  It should also be allowed and since it is assists in providing a clear understanding of the witness' testimony, specifically why CCB supports the settlement even in light of objections. *See* FRE 701(b).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS'
MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

8

Defendants repeatedly object to class counsel's testimony regarding preclusion of employment. *See e.g.,* Objection No. 7 to Mr. Paradis's declaration, Objection No. 24 to Mr. Allen's declaration and Objection No. 8 to Mr. Kohrman's declaration. Defendants argue that testimony is irrelevant "because conclusory statements without specific examples are not considered by courts in analyzing whether an enhancement is warranted…" Defendants cite to several cases in which a court reviewed evidence as to employment preclusion but determined that the evidence was not sufficient to demonstrate employment preclusion. However, this review and determination by the courts would naturally first necessitate the admission of such evidence. Courts do not exclude evidence as irrelevant simply because they believe it may be insufficient to prove the ultimate point for which it is offered. For instance, though Defendants claim that *Lopez v. Unif. Sch. District*, 385 F.Supp. 2d 981, 999 (N.D. Cal 2005), supports their objection to class counsel's testimony, the *Lopez* court did not view similar class counsel testimony as irrelevant. In fact, the *Lopez* Court cited to testimony in the declarations of class counsel in that case – "Wallace Decl., at ¶ 198; Shiu Decl. at ¶ 19; Allen Decl. at ¶ 52" – though it ultimately concluded the testimony was insufficient to grant a multiplier. *Id.*[3] Defendants improperly seek, through an evidentiary objection, to have the court weigh the evidence rather than determine its relevance.

Similarly, Defendants repeatedly object to any testimony about rates that have been awarded by the courts through a fee motion. *See e.g.*, Objection No. 14 to Rosen Declaration and Objection No. 18 to Paradis Declaration. Defendants claim that such testimony is irrelevant because the court awarded rates testified to may have been set by a court through an unopposed fee motion. Defendants then cut and paste from their opposition brief, citing some case law for the proposition that any rates which are set through an unopposed fee motion have not been

---

[3] Defendants incorrectly cite *Robbins v. Alibrandi*, 127 Cal.App. 4th 438, 454 for the proposition that statements without specific examples are irrelevant to a court's fee determination. In *Robbins* the court did not discuss the form of evidence required to support a finding that employment was precluded but rather held that employment is by definition always precluded and thus, should not be a factor in determining a multiplier. Other cases have held that preclusion of less risky alternate cases is in fact a relevant factor in awarding a multiplier under California law. *See e.g., National Federation of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261 at *7 (N.D. Cal. Aug. 03, 2009).

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

9

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  analyzed for reasonableness.  None of the case law cited, however, holds that rates that are set by
2  a court in an unopposed fee motions are irrelevant as evidence in a pending fee motion.  Indeed
3  rates that are awarded by the courts are relevant to pending fee motions.  Relevant evidence has
4  "two distinct requirements: (1) [t]he evidence must be probative of the proposition it is offered to
5  prove, and (2) the proposition to be proved must be one that is of consequence to the
6  determination of the action." *U.S. v. Diaz*, 878 F.2d 608, 614 (2d Cir., 1989); *see also* 1
7  McCormick on Evidence § 185 (Kenneth S. Broun ed., 6th ed. 2006).  Since the proposition to be
8  proved here is that class counsel's rates are reasonable, it is certainly one of consequence to the
9  determination of the issue, namely what the appropriate fee award should be, and the proposition
10 that class counsel's rates are reasonable is made more or less probable by evidence of rates
11 awarded by courts during fee motions.  That any of the fee motions through which the rates were
12 awarded were uncontested, at most, would go to the weight of the evidence.  Specifically, does
13 an unopposed fee motion provide sufficient evidence that the rates awarded were also found to
14 be "reasonable" by the court awarding them?  Plaintiffs maintain that an unopposed fee motion
15 does provide probative evidence, as is detailed in their reply brief in Section II.A.
16         Perhaps believing the third time is the charm, Defendants attempt to have the Court rule
17 that evidence – in this instance testimony and an exhibit regarding the National Law Journal's
18 December 2009 annual survey – is irrelevant based again on arguments as to the weight of such
19 evidence.  In Objection No. 16 to Mr. Rosen's declaration, Defendants quote verbatim footnote
20 number 1 from their opposition brief that "[t]he Court should not rely on nation-wide averages in
21 the National Law Journal Survey..." and then Defendants cite to a case which found a survey of
22 California rates was too broad to rebut a survey of San Francisco rates.  From this, Defendants
23 concluded that "Plaintiffs waive any argument (i.e. comparison of Plaintiffs' rates to survey
24 rates) that the surveys are relevant."  As a preliminary matter, Plaintiffs waive no such rights.
25 Nationwide, statewide and local rate surveys are all relevant.  Again, since the proposition to be
26 proved here is that class counsel's rates are reasonable, it is certainly one of consequence to the
27 determination of the action, namely what the appropriate fee award should be, and the
28 proposition that class counsel's rates are reasonable is made more or less probable by evidence

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

of law firm billing rates in various geographical areas which include the relevant forum.  That there may be other surveys of a narrower geographic area does not make nationwide surveys which encompass the relevant forum irrelevant.  The Court can review all geographical surveys to determine whether any provide sufficient evidence that class counsel's rates are reasonable.  The surveys submitted by Plaintiffs' witnesses in support of the fee motion are relevant in that they encompass firms in the forum community.  In fact, the National Law Journal Survey was relied upon by the Central District Court in assessing reasonable market rates. *B-K Lighting, Inc. v. Vision3 Lighting*, No. CV 06-02825 MMM, 2009 WL 3838264, at *7 & n.46 (C.D. Cal. Nov. 16, 2009).

### D. The Court Should Overrule Objection No. 7 to Mr. Pearl's Declaration As Procedurally Improper.

In Objection No. 7 to Richard Pearl's declaration, Defendants move to strike all the testimony in Paragraph 9 of Mr. Pearl's Declaration.  Paragraph 9 sets forth Mr. Pearl's survey of reasonable billing rates in the relevant market using two forms of information.  In part (a) of paragraph 9, Mr. Pearl surveys the rates that have been awarded by the courts in various fee motions.  In part (b) of Paragraph 9, Mr. Pearl surveys actual billing rates of private firms of which he has personal knowledge.

Defendants' objections to both parts (a) and (b) of Paragraph 9 of Mr. Pearl's declaration are, at best, unsupported and, at worst, indecipherable.  First, in challenging part (a) of this Paragraph 9, Defendants cut and paste their case law analysis regarding unopposed fee motions.  As discussed above in Section C, such a distinction goes to the weight and not the relevancy of such evidence.  Accordingly, to the extent that any of Mr. Pearl's surveys rests on rates from unopposed fee motions, it is still relevant.  Defendants then, *without citing to any source or authority*, assert that the rates in certain of the cases noted by Mr. Pearl in part (a) were unopposed (without specifying which cases and which rates).  Defendants fail to present any evidentiary support for these assertions – there is no separate declaration attesting to these claims and no exhibits confirming Defendants' allegations.

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

11

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Defendants' objections become almost undecipherable in regards to Mr. Pearl's testimony in Paragraph 9 part (b). Part (b) discusses the actual billing rates of various firms in California. In objecting to part (b), Defendants appear to have engaged in what can only be characterized a "data dump" and offer what appears to be a listing of fee petitions from various cases before various United States Bankruptcy Courts. However, Mr. Pearl's Paragraph 9 part (b) does not specifically discuss any bankruptcy fee petitions.[4] Further, out of the 24 bankruptcy fee petitions cited by Defendants, only two even mention any of the firms whose billing rates Mr. Pearl addresses. Once again, Defendants assert without any evidentiary support such as, at the very least, a declaration, that all of these various bankruptcy fee petitions (the bulk of which seem to have no relevance to this case) were unopposed.

Defendants' objections to Mr. Pearl's declaration are, thus, without merit. First, as discussed above, evidence of rates awarded in fee motions, whether opposed or unopposed, is relevant and should not be excluded. Second, Defendants' attempt to introduce new evidence through an evidentiary objection to refute a declarant's testimony is procedurally improper and should not form the basis of an objection to a declarant's testimony. Supporting evidence of any facts proffered by either side must be verified. The appropriate procedure would be for Defendants to submit their own declaration countering Mr. Pearl's testimony with evidence that presumably would come from some credible source or authority.

### E. The Court Should Overrule All Defendants' Objections That Are Overbroad.

Almost every single one of Defendants' evidentiary objections is overbroad. In some instances, Defendants find nothing arguably objectionable about the testimony but nonetheless assert the boilerplate Federal Rules of Evidence objections and move to strike large portions of important factual information including attached exhibits. For instance, in Objection No. 22 and 23 to Mr. Paradis' declaration, Defendants offer nothing but the usual string cite of Federal Rules

---

[4] To the extent any of Mr. Pearl's information in Paragraph 9 part (b) may have come from a review of certain bankruptcy fee petitions that does not make the information irrelevant. Presumably when a prominent firm makes a fee petition in a bankruptcy case, it presents its claim based on the fees it regularly charges to and receives from its private fee paying clients. (To do otherwise would be a fraud on the Court.)

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

12

1    of Evidence as grounds for objecting and then move to strike important factual testimony about

2    the staff time and rates for DRA's "fees on fees" as well as the key exhibit that attaches all the

3    time records for such time spent.  Similarly, for Objection No. 21 to Mr. Kohrman's declaration,

4    Defendants again offer nothing more than their boilerplate Federal Rules of Evidence objections

5    and yet move to strike an entire paragraph of factual testimony about the nature of the costs that

6    AFL incurred as well as the exhibit attaching a summary of the actual costs incurred.

7          In other instances, Defendants point to a word or phrase as being objectionable and then

8    move to strike an entire paragraph of factual testimony and, in some cases, an exhibit.  In

9    Objection No. 20 to Mr. Allen's declaration, Defendants move to strike an entire paragraph of

10   factual testimony that details the nature of the costs that Skadden, Arps incurred as well as the

11   exhibit attaching a summary of the actual costs incurred.  Putting aside the boilerplate Federal

12   Rules of Evidence objections, Defendants object that "Mr. Allen does not establish foundation as

13   to or personal knowledge of practices of other large firms."  This is presumably in response to

14   one sentence in Mr. Allen's testimony that that states: "Like many large firms, Skadden, Arps

15   does not treat these items as part of the firm's overhead…"  Defendants would have this Court

16   strike from evidence a full paragraph of factual testimony and a key exhibit because Mr. Allen

17   prefaces his sentence with "like many large firms."  Moreover, Mr. Allen testifies earlier in his

18   declaration that he is a partner with Skadden Arps with 34 years of litigation experience (Allen

19   Decl at ¶ 3 and 7), and it is almost certain during that time Mr. Allen has observed the billing

20   practices of other large firms in the community.

21         Similarly, in Objection No. 5 to Mr. Kohrman's declaration, Defendants move to strike

22   an entire paragraph of factual testimony about the funding practices and general mission of AFL.

23   Again putting aside the boilerplate Federal Rules of Evidence objections, Defendants object that

24   "Mr. Kohrman does not establish foundation or have personal knowledge of the practices or

25   funding of DRA."  This objection is presumably in response to Mr. Kohrman's testimony that

26   states: "AFL, like DRA, generally handles cases…" See also Objection Nos. 6 and 7 to Kohrman

27   Declaration (same objection to same phrase "like DRA").  Again, Defendants seek to have key

28   factual information excluded because of a harmless comparison with co-counsel.  Defendants'

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

13

objections to such harmless phrases succeeds only in placing an undue burden on the Court to review these. The Court can simply disregard any such phrases without making objection-by-objection rulings.

It should also be noted that Defendants object to most of the testimony in class counsel's declarations. However, in so doing, Defendants are objecting to assertions routinely made in fee motions. Class counsel will naturally testify to, for instance, steps taken to exercise billing judgment and their understanding of why their rates are consistent with market rates. Such is the nature of class counsel declarations in support of a fee motion. Such testimony is also routinely admitted by the Court and weighed among all the other evidence when the Court determines the sufficiency of evidence supporting class counsel's requested fee award.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule all of Defendants' 161 evidentiary objections on the bases set forth above.

Dated: April 29, 2010

Respectfully submitted,
DISABILITY RIGHTS ADVOCATES
AARP FOUNDATION LITIGATION
JOSE ALLEN, ESQ.

*[signature]*

Mary-Lee K. Smith
Attorneys for Plaintiffs

\\Server\cases\CDR.Caltrans\Fees_Costs\Motion\Reply\Response_Objections_FINAL.doc

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125
PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS RE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

14

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644