LAURENCE PARADIS (STATE BAR NO. 122336)
MARY-LEE KIMBER SMITH (STATE BAR NO. 239086)
DISABILITY RIGHTS ADVOCATES
2001 Center St., Third Floor
Berkeley, CA 94704
Telephone:   (510) 665-8644
Facsimile:   (510) 665-8511

DANIEL B. KOHRMAN (DC BAR NO. 394064)
JULIE NEPVEU (DC BAR NO. 458305)
AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, DC 20049
Telephone:   (202) 434-2060
Facsimile:   (202) 434-6424

JOSÉ R. ALLEN (STATE BAR NO. 122742)
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
Telephone:   (415) 984-6400
Facsimile:   (415) 984-2698

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR DISABILITY RIGHTS, INC. ("CDR"), CALIFORNIA COUNCIL OF THE BLIND ("CCB"), BEN ROCKWELL and DMITRI BELSER, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION ("Caltrans") and WILL KEMPTON, in his official capacity.<br><br>Defendants. | Case No. :  C06-5125 SBA (MEJ)<br><br>**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>Hearing:<br>   Date:  May 13, 2010<br>   Time:  10:00 a.m.<br>   Judge:  Hon. Maria-Elena James |

**TABLE OF CONTENTS**

OBJECTION NO. 1: ........................................................................................................... 1
    I.    CHALLENGED MATERIAL ........................................................................... 1
    II.   GROUNDS FOR OBJECTION ....................................................................... 1
    III.  ARGUMENT ..................................................................................................... 1
OBJECTION NO. 2: ........................................................................................................... 5
    I.    CHALLENGED MATERIAL ........................................................................... 5
    II.   GROUNDS FOR OBJECTION ....................................................................... 5
    III.  ARGUMENT ..................................................................................................... 5
OBJECTION NO. 3: ........................................................................................................... 6
    I.    CHALLENGED MATERIAL ........................................................................... 6
    II.   GROUNDS FOR OBJECTION ....................................................................... 6
    III.  ARGUMENT ..................................................................................................... 6
OBJECTION NO. 4: ........................................................................................................... 9
    I.    CHALLENGED MATERIAL ........................................................................... 9
    II.   GROUNDS ..................................................................................................... 10
    III.  ARGUMENT ................................................................................................... 10
OBJECTION NO. 5: ......................................................................................................... 12
    I.    CHALLENGED MATERIAL ......................................................................... 12
    II.   GROUNDS FOR OBJECTION ..................................................................... 12
    III.  ARGUMENT ................................................................................................... 13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF AUTHORITIES

**Cases**

*Alexis v. McDonalds Restaurant*,
67 F.3d 341 (1st Cir. 1995)) ................................................................................................ 8, 11

*Berberena v. Coler*,
753 F.2d 629 (7th Cir. 1985) ..................................................................................................... 4

*Chabner v. United Omaha Life Ins. Co.*,
No. C-95-0447 MHP, 1999 WL 33227443 (N.D. Cal. Oct 12, 1999) ........................................ 4

*Davis v. City and County of San Francisco*,
976 F.2d 1545 (9th Cir. 1992) ................................................................................................... 4

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) ................................................................................................... 3

*Hangarter v. Provident Life and Acc. Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ..................................................................................................... 7

*McKenzie v. Kennickell*,
645 F. Supp. 437 (D.D.C. 1986) ................................................................................................ 4

*Moeller v. Taco Bell*,
Case No. 02-5849 PJH JL (N.D. Cal.) ....................................................................................... 6

*National Federation of the Blind v. Target Corp.*,
No. C 06-01802 MHP, 2009 WL 2390261 (N.D.Cal. 2009) ..................................................... 5

*Oberfelder v. City of Petaluma*,
No. C-98-1470 MHP, 2002 WL 472308 (N.D. Cal. Jan. 29, 2002) ........................................... 3

*Perkins v. Mobile Housing Board*,
847 F.2d 735 (11th Cir. 1988) .................................................................................................... 3

*Williamsburg Fair Housing Comm. v. Ross-Rodney Housing Corp.*,
599 F. Supp. 509 (S.D.N.Y. 1984) ............................................................................................. 4

**Rules**

Fed. R. Civ. P. 16 Advisory Committee's Note (1983) ................................................................. 2

Fed. R. Civ. P. 16(f) ....................................................................................................................... 1

Fed. R. Evid. 403 ............................................................................................................... 1, 2, 5, 6

Fed. R. Evid. 401 ............................................................................................................................ 2

Fed. R. Evid. 402 ............................................................................................................................ 2

Fed. R. Evid. 602 ............................................................................................................. 6, 7, 10, 13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation*, **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

ii

1 | Fed. R. Evid. 701 ............................................................................................................... passim
2 | Fed. R. Evid. 702 ................................................................................................................ 10, 11, 13
3 | Fed. R. Evid. 801 ................................................................................................................ 6, 10, 13
4 | Fed. R. Evid. 801(d)(2) ..................................................................................................................... 8
5 | Fed. R. Evid. 802 ................................................................................................................ 6, 10, 13
6 | Fed. R. Evid. 803 ........................................................................................................................ 8, 12
7 | Fed. R. Evid. 804 ........................................................................................................................ 8, 12
8 | N.D. Cal. Civ. R. 6-3(a) ..................................................................................................................... 2

**Treatises**

2 Wigmore, Evidence § 657 (3d ed., 1940) ............................................................................................ 7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'**
**OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

iii

Plaintiffs hereby submit the following evidentiary objections to the Declaration of Gregory Hurley (hereinafter the "Hurley Decl."), which was submitted by Defendants in support of Defendants' Opposition to Plaintiffs' Motion for Reasonable Attorneys Fees and Costs (Docket No. 493), filed on April 21, 2010.

**OBJECTION NO. 1:**

### I. CHALLENGED MATERIAL

"A true and correct copy of a chart of deductions prepared by my office under my supervision for Skadden is attached hereto as **Exhibit Q**…In addition, a true and correct copy of a chart prepared by my office under my supervision for DRA are attached hereto as **Exhibit P**." Hurley Decl. ¶ 53 (15:21-25).

"Combining the above reductions in hours and the reductions in rates, as set forth above, the total deduction in fees is at least **$6.25M.** Thus, based on my calculations, Plaintiffs' remaining lodestar is approximately **$3.75M**." Hurley Decl. ¶ 55 (16: 8-10).

### II. GROUNDS FOR OBJECTION

Plaintiffs object to and move to strike Exhibit Q and Exhibit P as well as Mr. Hurley's testimony regarding calculations made based on these exhibits (Hurley Decl. 16: 8-10). Such testimony is objectionable on four grounds: (1) Exhibit Q and P were filed on April 28, 2010 when Defendants' Opposition and supporting papers were due on April 22, 2010 and should be excluded as untimely. *See* Reply Declaration of Ronald Elsberry ("Elsberry Decl.") for further details of this late filing; (2) Unfair prejudice (FRE 403); (3) Misleading Evidence (FRE 403); and (4) Waste of Time (403).

### III. ARGUMENT

Courts take very seriously court-set deadlines. For example, Federal Rule of Civil Procedure Rule 16(f) authorizes explicitly the enforcement of scheduling orders set by a court, stating that "the court may issue any just orders…if a party or its attorney…fails to obey a scheduling or other pretrial order." While the deadline at issue here is not found in a Rule 16 scheduling order, it should be treated similarly. Here Defendants failed to comply with the

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

briefing schedule, filing Exhibits P and Q woefully late. Accordingly, court should issue a "just order," *excluding* Exhibits P and Q from evidence in this motion. Though exclusion may seem extreme it is supported on two bases. First, Defendants did not even try to provide a showing of good cause for their noncompliance. The Civil Local Rules require such a showing when asking to shorten or enlarge time. See LR 6-3(a)); see also Rule 16 Advisory Committee Notes (1983) Fed. R. Civ. P. 16 advisory committee's note (court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"). Indeed contrary to good cause, Defendants showed bad faith: they filed their original opposition papers late and then filed the two additional Exhibits totaling more than 500 pages of evidence as an "errata" the day before Plaintiffs' Reply Brief was due. See Elsberry Decl. at ¶¶ 9-10. Second, exclusion of Exhibits P and Q is proper based on Federal Rule of Evidence ("FRE") 403.

FRE 403 affords the court authority to exclude evidence that is relevant under FRE 401 and FRE 402 but that the judge finds to present a danger of, among other things, unfair prejudice, misleading effect and waste of time. The court must weigh the probative value of the evidence against such dangers and if the probative value is substantially outweighed by the unfair prejudice or the misleading effect, may *exclude* the evidence.[1] Here Exhibit P and Q and Mr. Hurley's related testimony regarding calculations made based on these exhibits may be relevant but will cause enormous unfair prejudice if admitted into evidence. Plaintiffs have had inadequate opportunity to properly challenge, dispute and counter these exhibits and testimony so there is no way for a court to know that these exhibits are accurate and reliable. In fact, a cursory glance over them reveals some major inaccuracies. See Elsberry Decl. at ¶11. The exhibits are demonstrative evidence which are "reproductions" from class counsel's time records with Defendants' comments. It is unclear whether these reproductions of Plaintiffs' time records are indeed fair, accurate and true depictions of what they are claimed to portray.

---

[1] FRE 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'**
**OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

2

Additionally, even if Plaintiffs did have time to review each and every page of these exhibits and tally the numbers to confirm Mr. Hurley's related testimony, these exhibits and testimony should be excluded on the grounds that they are misleading.  Indeed any apparent "probative value" these exhibits and testimony would appear to have is undermined by the arbitrary nature by which they were created (as discussed below).  Given the low probative value and the misleading nature of the results the charts and testimony present, they should be excluded from evidence.

While these exhibits and the testimony are held out to be precise, almost scientifically calculated, deductions, they are in reality based on certain assumptions that are not justified by any testimony from Mr. Hurley or others.  In order to justify a reduction in the lodestar based upon excessive time, Defendant must show that "the time claimed is obviously and convincingly excessive."  *Perkins v. Mobile Housing Board,* 847 F.2d 735, 738 (11th Cir. 1988); *see also, Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (holding that once the prevailing party has documented the hours for which it seeks attorneys' fees, the party opposing fee application has the burden of submitting evidence challenging the accuracy and reasonableness of the hours charged).

Here, Defendants fail to explain why there are varying deduction percentages based on the various types of "deficient" time entry.  More importantly, Defendants fail to explain how they arrived at these percentages.  Why should each supposed block-billing be reduced by 33%? *See Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002 WL 472308, at *3 (N.D. Cal. Jan. 29, 2002)("[t]he charge of blocked billing does not undermine the compensability of time reasonably expended where the billing statement meets the basic requirement of listing the hours and identifying the general subject matter of time expenditures.")  Plaintiffs' records meet this basic requirement.  And why should media be reduced by 50% when Class Counsel have already no-charged extensive amounts of their time spent on media outreach to the class? Paradis Decl. at ¶ 26.  And why a flat deduction of 20% for any conferencing when the law is clear that conferences among counsel in complex litigation are fully compensable? *McKenzie v.*

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

3

1   *Kennickell*, 645 F. Supp. 437, 450 (D.D.C. 1986); *Berberena v. Coler*, 753 F.2d 629, 633 (7th

2   Cir. 1985); *Williamsburg Fair Housing Comm. v. Ross-Rodney Housing Corp.*, 599 F. Supp.

3   509, 518 (S.D.N.Y. 1984); *Davis v. City and County of San Francisco*, 976 F.2d 1545 (9th Cir.

4   1992), vacated in part on other grounds on denial of rehearing, 984 F.2d 345 (1993); *Chabner v.

5   United Omaha Life Ins. Co.*, No. C-95-0447 MHP, 1999 WL 33227443 (N.D. Cal. Oct 12,

6   1999). And how does the 20% deduction for conferencing interact with Defendants' claimed

7   100% deduction for supposed redundancy and overstaffing? The fact of the matter is that

8   Defendants' supposed precise mathematical percentage reductions are not set by any logical or

9   rational basis but solely so that they add up to a lodestar for class counsel of exactly $3.75

10  million (which conveniently is the minimum amount of fees the parties agreed that Defendants

11  would pay). These exhibits and the resulting testimony are misleading because they veil the

12  truth, namely, that Defendants have arbitrarily assigned percentage deductions in order to arrive

13  at a pre-determined outcome of the minimum floor of fees that were agreed upon.

14          Finally, these exhibits should be excluded based on Rule 403 because an analysis of these

15  exhibits (and the counter-evidence offered by class counsel) would be a "waste of time" for the

16  Court. For every entry that Defendants challenge as excessive, redundant or vague, Plaintiffs

17  can provide detailed responses explaining why the entry is sufficiently clear and the time spent

18  was reasonably necessary and appropriate. For example, Exhibit N to Mr. Hurley's declaration

19  contains a chart challenging specific time entries of AARP's attorneys. This was the only chart

20  filed in time for Plaintiffs to respond with any detail. As set forth in the accompanying Reply

21  Declaration of Dan Kohrman, for various entries specifically challenged in the Exhibit N chart,

22  Mr. Kohrman can provide detailed responses explaining why the entry was clear and the task

23  reflected by the entry reasonably necessary to the litigation. While the same could be done for

24  the late filed Exhibits P and Q, the time required by the Court to review the challenged time

25  entry, then to review class counsel's response and finally to make a separate determination for

26  each would be enormous. Keep in mind that Exhibit N is only 24 pages while Exhibit P (DRA's

27  reductions) is over 470 pages and Exhibit Q (Skadden's reductions) is 46 pages. Class counsel's

28

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

4

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 analysis of these reductions, by necessity, would be far lengthier than Mr. Kohrman's 16 page
2 declaration.

3     Moreover, such detailed back and forth argument about thousands of specific time entries
4 is wasted time when class counsel have already, in addition to extensive discrete no charged
5 items, made voluntary across the board 5% reductions in all of their merits hours. As Judge
6 Patel held in *NFB v. Target*, such across the board voluntary deductions are more than sufficient
7 to account for any particular time entries that the Court might find are too vague or reflect any
8 excessive or redundant work. *National Federation of the Blind v. Target Corp.*, No. C 06-01802
9 MHP, 2009 WL 2390261, at *35 (N.D.Cal. 2009). In addition, the cap of $8.75 million will
10 operate as a further across the board cut if this Court determines that a multiplier is warranted.
11 Accordingly, under Rule 403 Defendants' charts should be excluded as unduly burdening the
12 Court's time.

14 **OBJECTION NO. 2:**
15     **I.    CHALLENGED MATERIAL**
16 "In addition, a true and correct copy of a chart of deductions prepared by my office under
17 my supervision for AARP is attached hereto as Exhibit N." Hurley Decl. ¶ 53 (15:22-23).
18     **II.    GROUNDS FOR OBJECTION**
19 Plaintiffs object to and move to strike Exhibit N. Exhibit N is objectionable based on
20 Misleading Evidence. (FRE 403).
21     **III.    ARGUMENT**
22 See the argument from Objection No. 1 re misleading evidence and evidence which will
23 unduly burden the Court's time (FRE 403), which is equally applicable to Exhibit N.
24 //
25 //
26 //
27 //
28 //

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'**
**OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**OBJECTION NO. 3:**

### I.     CHALLENGED MATERIAL

"I currently represent Taco Bell Corporation in a state-wide class action for disability access to all California Taco Bell stores, *Moeller v. Taco Bell*, Case No. 02-5849 PJH JL (N.D. Cal.). Taco Bell has retained me as defense counsel. Taco Bell previously retained attorneys from Skadden who had held themselves out as experts in the Americans with Disabilities Act (the "ADA"). However, Taco Bell had to fire them because of their lack of expertise in the ADA, and retained me instead. I also understand that even though the case was filed in the Northern District, Mr. Allen was not selected to represent Taco Bell, as he did not claim to have expertise in the ADA. I understand that the rates sought by Skadden in *Moeller* were comparable to the rates that Greenberg Traurig charges Caltrans in this case, and that the Skadden attorneys were not actually billing Taco Bell, their *paying* client, at rates close to the $930 rate sought by Mr. Allen here." Hurley Decl. ¶ 9 (2: 18-27).

### II.     GROUNDS FOR OBJECTION

Plaintiffs object and move to strike the following parts of this testimony above: (1) Taco Bell's alleged reasoning for retaining particular attorneys at the Skadden law firm to defend the *Moeller* action; (2) Taco Bell's reason for allegedly terminating that retention; and (3) the alleged billing rates of Skadden attorneys in the *Moeller* case. Such assertions are objectionable based on unfair prejudice and confusion of issues (FRE 403), lack of personal knowledge (FRE 602); improper lay opinion (FRE 701) and hearsay (FRE 801 and 802).

### III.     ARGUMENT

As noted above, FRE 403 allows the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of, among other things, unfair prejudice and confusion of issues. Here any probative value of Skadden's involvement in litigation other than that at issue, including reasons for retention and termination and rates billed, is substantially outweighed by the Rule 403 dangers of prejudice. Mr. Hurley's testimony presents no direct factual evidence and is intended only to "blacken the eye" of Skadden and Mr. Allen,

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

6

1   particularly when it is uncorroborated in any way (i.e. hearsay). *See e.g., Hangarter v. Provident*
2   *Life and Acc. Ins. Co.,* 373 F.3d 998, 1019 (9th Cir. 2004) (probative value of expert's deposition
3   testimony about claims handling practices of parent company prior to merger in bad faith suit
4   against subsidiary after merger was not substantially outweighed by the danger of unfair
5   prejudice since it was corroborated by a number of internal documents from both entities, and by
6   testimony of other witnesses).  In addition, Mr. Hurley's testimony confuses the issues by
7   turning the focus to collateral issues, such Taco Bell's alleged termination of Skadden in other
8   litigation, and thus should be excluded.

9         FRE 602 mandates that before a witness may testify about a matter, the witness must be
10  shown to have personal knowledge of the matter by evidence sufficient to support a finding.[2]
11  Personal knowledge usually requires sensory perception. 2 Wigmore, Evidence § 657 (3d ed.,
12  1940) ("what the witness represents as his knowledge must be an impression derived from the
13  exercise of his own senses, not from the reports of others, in other words, must be founded on
14  personal observation").  In order to satisfy the requirement that testimony is based on sensory
15  perception, it is necessary to show that the witness had the ability to perceive and in fact
16  perceived the matters described in her testimony.  Here, however, Mr. Hurley's only claim to the
17  ability to perceive the matters that he later describes is that he "currently" represents Taco Bell in
18  *Moeller.*  He offers no testimony or evidence as to how his current role in the case would provide
19  him with personal sensory observation (as opposed to the reports of others) of what occurred
20  when Skadden represented Taco Bell (i.e. whether Mr. Allen was not selected), of what occurred
21  during the purported termination of Skadden's services or of the rates sought by Skadden.

22        FRE 701 states a preference for witnesses not testifying in the form of opinions but
23  allows such testimony if those opinions are both "rationally based on the perception of the

24
25

---

[2] FRE 602 states: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses."

26
27
28

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125
PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

witness" and "helpful to a clear understanding of the witness' testimony…."[3]  Here Mr. Hurley may argue that his testimony is lay opinion testimony which is permitted.  After all he attempts to couch it as such using terms such as "I believe…" or "I understand…" and then he does "opine" that "Taco Bell had to fire [Skadden] because of their lack of expertise in the ADA, and retained me instead."  However, the lay opinion rule merely allows firsthand knowledge to be summarized in the form of an opinion (*see e.g.*, *Alexis v. McDonalds Restaurant*, 67 F.3d 341 (1st Cir. 1995)), and Mr. Hurley does not have such knowledge, as is discussed above.

FRE 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evidence based on hearsay is not admissible unless it falls under an exemption or exception. Here Mr. Hurley has demonstrated no personal knowledge of the reasoning underlying the actions of Taco Bell and/or of the rates sought by Skadden.  As such, Mr. Hurley apparently is offering this testimony based on statements made by his client, Taco Bell, or other third party with personal knowledge, as to these issues, and thus, it is hearsay.  Mr. Hurley claims no exemptions to the hearsay rule for these statements by Taco Bell (or others) and none apply.[4] Nor does Mr. Hurley assert that the statements are exceptions to the hearsay rule.  FRE 803 provides exceptions to the hearsay rule, even though the declarant is available as a witness, but none of these exceptions apply.  And to the extent that Taco Bell could be considered unavailable (e.g., privilege exemption from the court) none of the exceptions under FRE 804 apply either.

//
//
//
//

---

[3] FRE 701 states: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

[4] Mr. Hurley makes no assertion that his testimony is based on statements made by Skadden against their own interest and thus, an exemption to the hearsay rule (see FRE 801(d)(2)).

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**OBJECTION NO. 4:**

    **I.**       **CHALLENGED MATERIAL**

"I estimate that the work performed by Caltrans in-house attorneys would amount to fees of approximately $275,950, if the Caltrans attorneys were in private practice, based on the below:

    a.    Ankush Agarwal was admitted to practice December 2004 and had currently has five years experience. Mr. Agarwal works in Caltrans' San Francisco office. I believe that the current market rate for Mr. Agarwal's services is $350, and that he worked on this case about 60 hours each year from 2006 to 2009. I estimate that the market value of his services is approximately $63,000.

    b.    Michael Harrington was admitted to practice December 1986 and currently has been practicing for 23 years. Mr. Harrington works in Caltrans' San Francisco office. I estimate that Mr. Harrington's current market rate is $525, and that he worked on this case approximately 60 hours each year between 2006 and 2009, and about 20 hours in 2010. I estimate that the market value of his services is approximately $105,000.

    c.    Bruce Behrens was admitted to practice December 1973 and currently has 36 years experience. Mr. Behrens was Caltrans' Chief Counsel at the time this case was filed. He retired in 2008, and his involvement in this case ended around September 2008. I estimate that Mr. Behrens worked on this case about 15 hours each year between 2005 and 2008, and that his market rate if he were in private practice would be about $700. I estimate that the market value of his services is about $42,000.

    d.    Ronald Beals was admitted to practice 12/13/1972 and currently has 37 years experience. Mr. Beals works in Caltrans' Sacramento office. I estimate that Mr. Beals' reasonable market rate is $530 and that he worked on this case for about 15 hours between September to December 2009, about 20 hours in 2009 and about 20 hours in 2010. Most of his hours were for work related to the settlement. I roughly estimate that the market value of his services is approximately $29,150.

---

*Californians for Disability Rights, Inc. v. California Department of Transportation,* **Case No.: C 06 5125**
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

9

1   e.   Maria Sapiandante was admitted to practice 12/8/1994 and currently has 16 years
2 experience. Ms. Sapiandante works in Caltrans' Sacramento's office and assisted with defending
3 Mr. Champa's deposition in the state action in 2009. I estimate that Ms. Sapiandante's
4 reasonable market rate is $420, and that she worked on this case approximately 40 hours in 2009.
5 I roughly estimate that the market value of his services is approximately $16,800.

6   f.   In addition, a few other Caltrans attorneys played a minor role in assisting with
7 discreet tasks. Due to the very minor role they played, I would estimate their fees to be no more
8 than $20,000. " Hurley Decl. ¶ 57 (16:16 – 17:23).

## II.   GROUNDS

Plaintiffs object and move to strike the portions of this testimony in which Mr. Hurley estimates how much time each of the in-house Caltrans attorneys spent representing Caltrans in the two actions.  Such assertions are objectionable based on lack of personal knowledge (FRE 602); improper lay opinion (FRE 701); improper expert opinion (FRE 702); and hearsay (FRE 801 and 802).

## III.   ARGUMENT

As discussed above, FRE 602 mandates that before a witness may testify about a matter, the witness must be shown to have personal knowledge of the matter, usually based on sensory perception.  This requires a showing that the witness had the ability to perceive and in fact perceived the matters described in his testimony.  Here, however, Mr. Hurley does not provide a showing (i.e. through his own testimony) that he even had the ability to perceive the hours that Caltrans attorneys worked, let alone that he actually perceived them when they were working. Mr. Hurley never actually testifies as to what his relationship is with Caltrans in-house counsel, how he did (or did not) work with them and how he would thus be able to estimate their hours. Specifically, Mr. Hurley does not point out that his firm only joined in the litigation in December of 2007, after almost a year and a half of litigation had taken place. Paradis Decl. at ¶ 22.  Thus, it would be impossible for Mr. Hurley to be able to testify based on personal knowledge as to hours spent working on the litigation in 2006 or 2007 for any of the in-house Caltrans attorney.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 For the years 2008 and 2009 during which Mr. Hurley's firm participated in the litigation, Mr. Hurley provides no testimony as to how he is able to estimate the hours each attorney spent working on the case.  Indeed, class counsel probably has more personal knowledge of the number of hours spent by each Caltrans attorney based purely on the number of teleconferences and letters exchanged with, hearings and meet and confers attended by, briefs and discovery requests signed by, and depositions taken and defended by Caltrans attorneys. Paradis Decl. at ¶23-25.

To the extent that Mr. Hurley's testimony can be characterized as opinion testimony, it qualifies neither as lay opinion under FRE 701 nor expert testimony under FRE 702.  As discussed above, FRE 701 allows opinion testimony from a lay witness if those opinions are "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony…" and "not based on scientific, technical or other specialized knowledge within the scope of Rule 702."  Since the lay opinion rule merely allows firsthand knowledge to be summarized in the form of an opinion (*see e.g.*, *Alexis v. McDonalds Restaurant*, 67 F.3d 341 (1st Cir. 1995)), Mr. Hurley's testimony cannot be lay witness testimony because he has not established any such personal knowledge through his proffered testimony, as noted above. Moreover, testimony, at least as to Caltrans attorney rates, requires specialized knowledge about attorney rates and billing, so opinions as to rates could not fall within the scope of lay opinion. Even if Mr. Hurley had such specialized knowledge, FRE 702 does not apply.  Under FRE 702, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Putting aside the question of Mr. Hurley's expertise (no such expertise has been established regarding billing rates), his testimony offered as to Caltrans' attorneys' rates simply does not indicate any facts or data, principles or method or any other indicia of reliability as to his "estimates" for the applicable reasonable market rate of each Caltrans attorney working on this case.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Californians for Disability Rights, Inc. v. California Department of Transportation,* Case No.: C 06 5125
PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

11

1  Mr. Hurley's testimony is also hearsay.  Mr. Hurley has demonstrated no personal
2  knowledge of the rates and/or hours of the Caltrans attorneys.  As such, Mr. Hurley apparently is
3  offering this testimony based on statements made by Caltrans employees, or another party with
4  personal knowledge, as to these issues, and thus, it is hearsay.  Mr. Hurley claims no exemptions
5  to the hearsay rule for these statements by Caltrans or others and none apply.  Nor does Mr.
6  Hurley assert that the statements are exceptions to the hearsay rule.  FRE 803 provides
7  exceptions to the hearsay rule, even though the declarant is available as a witness, but none apply
8  here.  There is no reason to believe that each of the Caltrans attorneys about whom Mr. Hurley
9  testified could not testify as to their own experience, rates (if known) and hours spent on the
10 Caltrans litigation.  And if for some reason one or more attorney was unavailable to testify as a
11 witness, none of Mr. Hurley's testimony about Caltrans attorneys would qualify for any of the
12 exceptions under FRE 804.  As such, Mr. Hurley's testimony must be excluded on hearsay
13 grounds.

14

15 **OBJECTION NO. 5:**
16     **I.**    **CHALLENGED MATERIAL**
17 "I estimate that the total fees incurred by Caltrans, including fees of Caltrans in-house
18 lawyers, is **$3.7 million**.  Caltrans' offer of $3.75M in fees to Plaintiffs' counsel was based on a
19 detailed and honest evaluation of the value of all fees that Caltrans had expended to defend this
20 case.  The State is astounded that Plaintiffs' counsel would claim that they incurred more than 4
21 times the amount in fees prosecuting this matter than Caltrans spent defending it."  Hurley Decl.
22 ¶ 58 (17: 24-28).
23     **II.**    **GROUNDS FOR OBJECTION**
24 Plaintiffs object and move to strike the portions of this testimony in which Mr. Hurley
25 estimates the total fees incurred by Caltrans and in which he testifies to the mental condition of
26 the State of California.  Such assertions are objectionable based on lack of personal knowledge
27
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

(FRE 602); improper lay opinion (FRE 701); improper expert opinion (FRE 702); and hearsay (FRE 801 and 802).

### III. ARGUMENT

The discussion in Objection No. 4 above regarding Mr. Hurley's lack of personal knowledge as to the amount of time Caltrans' in-house counsel spent on the litigation; the discussion in Objection No. 4 above regarding Mr. Hurley's improper lay and/or expert opinion regarding Caltrans in-house counsel rates; and the discussion in Objection No. 4 as to hearsay regarding Caltrans in-house counsel rates and hours are all applicable to this challenged testimony as well and warrant excluding the testimony. Also Mr. Hurley cannot speak based on personal knowledge as to the mental condition of "The State." Defendants were in fact informed at several points in the litigation as to the scope of Plaintiffs' fees so as to avoid any form of astonishment. Paradis Decl. at ¶ 30.

DATED: April 29, 2010

Respectfully submitted,
DISABILITY RIGHTS ADVOCATES
AARP FOUNDATION LITIGATION
JOSE ALLEN, ESQ.

Mary-Lee K. Smith
Attorney for Plaintiffs

\\Server\cases\CDR.Caltrans\Fees_Costs\Motion\Reply\Hurley_Decl_Evidentiary_Objections_FINAL.doc

---

*Californians for Disability Rights, Inc. v. California Department of Transportation*, Case No.: C 06 5125
**PLAINTIFFS' OBJECTIONS TO DECLARATION OF GREGORY HURLEY ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

13